STATE OF NORTH CAROLINA v. JEANETTE MARTHA GRIER

No. 7426SC680

(Filed 6 November 1974)

**Constitutional Law § 32— right to counsel — finding of nonindigency — denial of continuance**

    Defendant's constitutional right to counsel was not abridged when the court on 4 February found defendant was not an indigent and entitled to the appointment of counsel upon evidence that defendant owned her own home, an automobile and furniture and appliances worth $6,000, and when the court on 6 February denied defendant's motion for continuance on the ground that defendant had ample time following her indictment on 11 May the preceding year to employ counsel and prepare her case.

APPEAL by defendant from *Falls, Judge,* 6 February 1974 Session of Superior Court held in MECKLENBURG County.

On 1 October 1973, defendant was indicted for violating the North Carolina Controlled Substances Act, second offense. The indictment charged her with unlawful distribution of heroin on 11 May 1973.

On 4 February 1974, Judge Ervin conducted an inquiry as to appointment of counsel. During this inquiry, defendant stated that she owned her own home and a Buick Electra automobile. She further stated that she owned furniture and appliances worth approximately $6,000.00. Based upon these and other facts tending to show defendant not to be indigent, the Court determined that defendant was not entitled to court appointed counsel.

On 6 February 1974, defendant's motion for continuance was denied after the Court determined that defendant had ample time following indictment to employ counsel and prepare her case.

Evidence for the State tended to show the following. An undercover agent with the North Carolina Bureau of Investigation was on assignment in Charlotte working with the Charlotte-Mecklenburg Vice Control Bureau. On 11 May 1973, the agent went with two other persons to 2100 Kenny Street in Charlotte to purchase heroin. He was introduced to defendant there. After observing the sale of heroin to one of the persons accompanying him, the agent purchased six bags of heroin from defendant.

State v. Grier

When the agent tried to buy a larger quantity, defendant urged the agent to go with her to New York for that purpose.

Defendant offered one witness, her cousin, who testified that she once saw defendant and the agent in the kitchen but had never seen drugs sold or used on these premises.

Upon a verdict of guilty of the offense of unlawful distribution of a controlled substance, heroin, first offense, defendant was sentenced to a prison term of not less than three nor more than five years. The sentence begins at the expiration of a previous five-year sentence defendant is required to serve. The previous sentence, originally suspended, was placed in effect because defendant had violated the terms of her probation by unlawfully possessing a firearm and unlawfully distributing heroin. She was represented by privately retained counsel at the hearing when her probation was revoked and does not appeal from that judgment, which was entered the same day she was sentenced in the trial from which she does appeal.

*Attorney General James H. Carson, Jr., by John R. Morgan, Associate Attorney, for the State.*

*Levine & Goodman by Arthur Goodman, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant assigns as error that her motion for continuance was denied and that she was denied counsel at public expense. She does not contend that the judge abused his discretion when he denied the motion for continuance. Instead, it is argued that, as a matter of law, the motion should have been granted because the effect of denial was to deprive her of her constitutional right to counsel and that she need not show other prejudice. We cannot sustain this argument. There was ample time between indictment and trial for defendant to retain counsel and prepare her defense. The judge's findings on the question of defendant's indigency are supported by the evidence. Defendant's argument that she has been denied the right to counsel because of the absence of definite standards for determining indigency must also be rejected.

No error.

Judges CAMPBELL and BRITT concur.