:STATE OF NORTH CAROLINA v. TONY DARCELLA SMITH

No. 7520SC428

(Filed 5 November 1975)

1. **Constitutional Law § 32— appointment of counsel — finding that defendant was not indigent**

    Evidence was sufficient to support the trial court's finding that defendant was not indigent and therefore entitled to appointment of counsel where such evidence tended to show that defendant was an E-4 in the U. S. Army with an income of $413 per month, he had $120 held for him or owed him, he was not married and had no children, and he owned a 1969 Chevelle which had a value of $1600-$1700 on which he owed $450.

2. **Constitutional Law §§ 32, 37— right to counsel — waiver — revocation on trial date — no good cause for delay**

    Where defendant signed a waiver of right to have assigned counsel and delayed until the day his case was scheduled for trial before moving to withdraw the waiver and have counsel assigned, the burden was on defendant to show good cause for the delay, and, upon his failure to do so, the signed waiver of counsel remained valid and effective during trial.

ON *writ of certiorari* to review proceedings before *Kivett, Judge.* Judgment entered on 29 July 1974 in Superior Court, STANLY County. Heard in the Court of Appeals 16 September 1975.

Defendant was charged with felonious breaking or entering and larceny to which he pled not guilty.

The State's evidence tended to show that on 26 May 1974, Mr. Wade Furr found a window open at his business and certain items were missing, including a radio, spray guns, grinder and buffer and other tools.

Melvin Forrest testified that he rode with defendant and Paul Douglas in defendant's car to Furr's business on the night in question and that they made entry through a back window, took the equipment and hid it under a house where Paul Douglas lived. Later the equipment was pawned and defendant shared in the proceeds.

Deputy Mills testified that he went to Douglas's home and obtained permission to search a vehicle where he found a radio, some wrenches, jacks, and a water can which were later identi-

fied by Furr as belonging to him. Mills also found a spray gun and grinder at a pawn shop which were identified by Furr.

Defendant testified that at the alleged time of the entry and the theft he was in a motion picture theater and that he did not know anything about the pawned equipment.

Defendant was found guilty as charged and from the sentence to a maximum term of three years as a committed youthful offender, he appeals.

Defendant failed to perfect his appeal and on 21 November 1974, Judge Kivett found that he was indigent and appointed counsel to petition for appellate review.

*Attorney General Edmisten by Associate Attorney David S. Crump for the State.*

*Brown, Brown & Brown by Charles P. Brown for the defendant appellant.*

CLARK, Judge.

[1] Defendant assigns error in the finding that he was not indigent and the denial of his request for appointment of counsel. According to the record on appeal on 10 June 1974, he waived preliminary hearing and waived in writing the assignment of counsel. The case was calendared for trial on 22 July 1974. On that day the defendant appeared in court and filed an affidavit of indigency, disclosing facts as follows: That he was an E-4 in the U. S. Army with an income of $413.00 per month; that he had $120.00 held for him or owed to him; that he was not married and had no children; and that he owned a 1969 Chevelle which had a value of $1600-$1700, on which he owed $450.

Judge Chess found that the defendant was not indigent and denied the motion for appointment of counsel. This finding is supported by the evidence. The theory that right to counsel has been denied because of absence of definite standards for determining indigency has been rejected by this Court. *State v. Grier,* 23 N.C. App. 548, 209 S.E. 2d 392 (1974).

The waiver of right to have assigned counsel, which defendant signed in the District Court at preliminary hearing, was "good and sufficient until the proceeding finally terminated, unless the defendant himself makes known to the court that

State v. Smith

he desires to withdraw the waiver and have counsel assigned to him." *State v. Watson,* 21 N.C. App. 374, 379, 204 S.E. 2d 537, 540 (1974).

**[2]**  In this case the defendant delayed until the day his case was scheduled for trial before moving to withdraw the waiver and have counsel assigned. If this tactic is employed success-fully, defendants will be permitted to control the course of litigation and sidetrack the trial. At this stage of the proceeding, the burden is on the defendant not only to move for withdrawal of the waiver, but also to show good cause for the delay. Upon his failure to do so, the signed waiver of counsel remains valid and effective during trial. Judge Chess did all, if not more, than was necessary to meet the requirements of due process and fairness when he continued the case for a week so that the defendant could employ counsel if he desired to do so and to otherwise prepare for his defense.

When the case was called for trial the following week, Judge Kivett, presiding, again found that the defendant was not indigent. Upon arraignment, defendant pled not guilty. He did not claim he had made any effort to employ counsel or that he was unable to represent himself. We find this assignment of error without merit.

We note that the defendant has not assigned error in the rulings on evidence or on the charge of the court. There was abundant evidence to support the jury verdict. And, finally, though the defendant was convicted of two felonies, a lenient sentence of not more than three years as a committed youthful offender was imposed.

No error.

Judges BRITT and PARKER concur.