STATE OF NORTH CAROLINA v. ROLAND LEE WATTS, JR.

No. 7626SC840

(Filed 6 April 1977)

Constitutional Law § 32—waiver of assigned counsel — attempted withdrawal on trial date

The trial court did not err in the denial of defendant's motion for the appointment of counsel to represent him and for a continuance

so that he might obtain a lawyer where the case was first calendared for trial on 19 May, at which time defendant informed the court that he had discharged his attorney; the court, based on defendant's statement that he earned $400 to $500 per week, found that defendant was not indigent, and defendant signed a written waiver of assigned counsel; the court granted defendant a continuance to obtain counsel; defendant delayed until the the case was called for trial on 8 July before moving to withdraw his waiver of assigned counsel; and defendant failed to show good cause for the delay in moving to withdraw the waiver of assigned counsel.

APPEAL by defendant from *Falls, Judge*. Judgment entered 8 July 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 March 1977.

Defendant was charged in a bill of indictment, proper in form, with the felonious larceny of twelve wrench sets, eight socket wrench sets, and two chain saws of the total value of $535.78 from a Zayre Store, a corporation. Upon the defendant's plea of not guilty, the State offered evidence tending to show the following:

Claudia Williams, security officer for the Zayre store, located at 3200 Freedom Drive, Charlotte, North Carolina, saw defendant in the store on 13 May 1975 pushing a shopping cart with merchandise in it through the store, past the check-out counters, and out the front door without paying for the merchandise. Williams attempted to stop defendant after he went through the door, but he pushed the cart in front of her, ran to his car, got into his car and drove away. The value of the merchandise was $535.78.

Defendant offered evidence tending to establish that he was not in Charlotte on 13 May 1975 but was in Southport, North Carolina.

Defendant was found guilty as charged, and from a judgment imposing a prison sentence of ten years, he appealed.

*Attorney General Edmisten by Assistant Attorney Ralf F. Haskell for the State.*

*Walter H. Bennett, Jr., for defendant appellant.*

HEDRICK, Judge.

The defendant contends the court erred in denying his motion to have counsel assigned to represent him and in denying

his motion to continue the case for a "couple of weeks" to give him an opportunity to obtain a lawyer. In *State v. Smith*, 27 N.C. App. 379, 219 S.E. 2d 277 (1975), in which the facts were remarkably similar to the facts in the present case, Judge Clark wrote,

> "In this case the defendant delayed until the day his case was scheduled for trial before moving to withdraw the waiver and have counsel assigned. If this tactic is employed successfully, defendants will be permitted to control the course of litigation and sidetrack the trial. At this stage of the proceeding, the burden is on the defendant not only to move for withdrawal of the waiver, but also to show good cause for the delay. Upon his failure to do so, the signed waiver of counsel remains valid and effective during trial." *Id.* at 381, 219 S.E. 2d at 279.

The record in the present case reveals that this case was calendared for trial on 19 May 1976, at which time defendant informed the court that he had discharged his attorney on 4 May 1976 and the court entered an order allowing the attorney to withdraw. Defendant stated that he was not ready for trial because he had been unable to retain new counsel. The court, based upon defendant's statement that he earned $400 to $500 per week, found and concluded that defendant was not indigent and not entitled to the appointment of counsel, and defendant signed a written waiver of his right to have assigned counsel. After the court granted defendant a continuance, the record of the 19 May 1976 proceeding reveals the following exchange between the court and the defendant:

> "THE COURT: I want you to understand this. The case will be recalendared for trial by the District Attorney— that is he will cause it to be placed again on the trial calendar at which time the case will be called for trial and will be tried, regardless of whether you have at that time a lawyer or not. Do you understand that?
>
> "MR. WATTS: Yes, sir."

Defendant delayed until his case was called for trial again during the week of 5 July 1976 to move to withdraw his waiver of assigned counsel.

Defendant failed to show good cause, or any cause whatsoever, for the delay in moving to withdraw the waiver of his

right to have assigned counsel. Defendant likewise failed to show any just cause for the case to have been continued. These assignments of error have no merit.

We have carefully examined defendant's remaining assignments of error, and find them to be without merit.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and CLARK concur.