STATE OF NORTH CAROLINA v. BILLY RAY CLARK

No. 7717SC111

(Filed 6 July 1977)

Constitutional Law § 49— waiver of assigned counsel — attempted withdrawal on trial date

Where defendant had counsel appointed for him but at the preliminary hearing voluntarily and understandingly waived counsel, he was not thereafter entitled to withdraw his waiver of counsel at any time and have counsel appointed to represent him; therefore, defendant was not prejudiced where he requested appointment of counsel at trial, and the court refused his request but did direct defendant's original attorney to assist defendant in his defense.

APPEAL by defendant from *Long, Judge.* Judgment entered 19 October 1976 in Superior Court, CASWELL County. Heard in the Court of Appeals 7 June 1977.

Defendant was tried upon a bill of indictment charging an assault with a deadly weapon with intent to kill inflicting serious injury. The jury found him guilty of the lesser included offense of an assault with a deadly weapon inflicting serious injury.

The State's evidence tended to show the following: On 15 August 1976 defendant and the victim, James Tillman, both of whom were serving prison sentences, were in line in the prison unit dining hall at about 4:00 p.m. Defendant broke out of line, ran up behind Tillman and stabbed him in the back with a "shiny object." Tillman cried out and ran toward the door. Defendant attempted to pursue Tillman but was restrained by other prisoners. Defendant passed a shiny object to another prisoner and it was passed along among a group of prisoners who were standing near defendant. A spoon handle with the cup end cut off and one end sharpened was later found beneath a dining table in the area where the attack on Tillman had occurred. The spoon handle had specks of dried blood on it. Tillman received two deep wounds.

The defendant's evidence tended to show that he was present but that he did not commit the assault.

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

*Philip W. Allen for the defendant.*

BROCK, Chief Judge.

The alleged offense was committed on 15 August 1976. On 16 August 1976 criminal summons charging the offense was issued to defendant and served upon him on 26 August 1976. On 30 August 1976 defendant filed an affidavit of indigency and requested appointment of counsel. On 30 August 1976 attorney Philip W. Allen was appointed to represent defendant. When defendant appeared for his preliminary hearing on 17 September 1976 defendant requested the district court judge to permit attorney Philip W. Allen to withdraw as counsel. It was so ordered. Defendant then executed a waiver of assigned counsel and elected to represent himself. Probable cause was found on 17 September 1976 and defendant was bound over for trial in the superior court.

Nothing further transpired until defendant appeared for trial in the superior court on Monday, 18 October 1976. At that time defendant executed another affidavit of indigency and requested appointment of counsel. The trial judge declined to appoint counsel but directed Philip W. Allen, attorney, "to assist the defendant in his defense." The trial judge instructed attorney Allen as follows: "You are appointed to advise in the case or assist the defendant in any way he desires." Thereafter attorney Allen cross-examined each of the State's witnesses and examined each of the defense witnesses.

Defendant now argues that he was entitled to withdraw his waiver of counsel at any time and have counsel appointed to represent him. He reasons that the failure of the trial judge to appoint counsel on 18 October 1976 as he requested deprived him of his constitutional right to be represented by counsel.

It is clear that an accused can waive his right to be represented by counsel if he voluntarily and understandingly does so. There is no question of the voluntariness of defendant's waiver executed at the preliminary hearing on 17 September 1976. The waiver of the right to have assigned counsel executed

by defendant on 17 September 1976 was good and sufficient until the trial was finally terminated, "unless the defendant himself makes known to the court that he desires to withdraw the waiver and have counsel assigned to him." *State v. Smith*, 27 N.C. App. 379, 219 S.E. 2d 277 (1975); *State v. Watson*, 21 N.C. App. 374, 204 S.E. 2d 537 (1974).

The tactics employed by the defendant in this case are markedly similar to those employed in *State v. Watts*, 32 N.C. App. 753, 233 S.E. 2d 669 (1977), and in *State v. Smith, supra.*

> "In this case the defendant delayed until the day his case was scheduled for trial before moving to withdraw the waiver and have counsel assigned. If this tactic is employed successfully, defendants will be permitted to control the course of litigation and sidetrack the trial. At this stage of the proceeding, the burden is on the defendant not only to move for withdrawal of the waiver, but also to show good cause for the delay. Upon his failure to do so, the signed waiver of counsel remains valid and effective during trial." *State v. Smith, supra,* at 381, 219 S.E. 2d at 279.

Judge Long did all, if not more, than was necessary to meet the requirements of due process and fairness when he assigned attorney Allen "to advise in the case or assist the defendant in any way be desires." This assignment of error is overruled.

We have examined defendant's assignment of error to the trial judge's instructions to the jury. In our opinion the instructions were fair and submitted the issues to the jury under applicable principles of law. This assignment of error is overruled.

No error.

Judges HEDRICK and MARTIN concur.