STATE OF NORTH CAROLINA v. JACK CLAYTON SEXTON, JR.

No. COA99-1213

(Filed 29 December 2000)

**Constitutional Law— right to assistance of counsel—denial based on prior waiver—violation**

The trial court violated defendant's constitutional right to assistance of counsel in an action revoking defendant's probation and activating a ten-year prison sentence where defendant affirmatively requested the assistance of a public defender and the

trial court was aware of defendant's desire for assistance but denied the request based on defendant's prior waiver, because: (1) defendant carried his burden of showing a change in his desire for assigned counsel; and (2) the record reflects his request was for good cause.

Appeal by defendant from judgment entered 17 May 1999 by Judge Timothy S. Kincaid in Gaston County Superior Court. Heard in the Court of Appeals 18 September 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Diane Martin Pomper for the State.*

*Paul Pooley for defendant-appellant.*

FULLER, Judge.

Defendant Jack Clayton Sexton, Jr. appeals the revocation of his probation and activation of a ten-year prison sentence. On 24 August 1995 defendant pled guilty to seven counts of Larceny by Employee. Defendant received a consolidated sentence of ten years imprisonment, suspended in exchange for three years supervised probation, community service, and restitution.

On 7 July 1998 a probation violation report was filed, alleging defendant failed to keep appointments with his probation officer and was in arrears in required payments. During his initial 17 August 1998 appearance in the matter, defendant signed Administrative Office of the Courts form AOC-CR-227, entitled "Waiver of Counsel," in which he affirmed that he "waiv[ed his] right to assigned counsel and that [he] . . . expressly waiv[ed] that right." Although the trial judge signed the form, he did not acknowledge whether defendant elected in open court to be tried "without assignment of counsel" or "without the assistance of counsel, which includes the right to assigned counsel and the right to assistance of counsel."

The hearing was called on 19 October 1998, and defendant, who was unrepresented, requested a continuance and appointment of counsel. The trial court denied both requests, finding defendant previously waived his right to an attorney. Upon finding defendant willfully violated the terms of his probation, the trial court extended defendant's term of probation by two years, and ordered defendant to perform additional community service in lieu of monetary payments.

On 22 April 1999 a second probation violation report was filed, alleging defendant's failure to inform of a change in residence, failure to keep appointments with his probation officer, and failure to perform community service. The matter was called to hearing on 17 May 1999. Defendant was advised of his right to counsel, but expressed a desire to proceed *pro se*. Defendant signed a Waiver of Counsel form, acknowledging he was fully advised of his right to counsel. At the hearing's conclusion, the trial court entered judgment revoking defendant's probation and activating defendant's ten-year sentence.

Defendant appeals, alleging: (1) the trial courts presiding over the October 1998 and May 1999 hearings violated defendant's right to assistance of counsel by requiring defendant proceed *pro se*; and (2) the trial court presiding over the October 1998 hearing erred in extending defendant's probation and the trial court presiding over the May 1999 hearing erred in revoking defendant's probation after the expiration of the period of probation.

---

As a preliminary matter, we note defendant's arguments pertaining to the October 1998 hearing and resulting order are not properly before this Court. Defendant failed to make objections at the hearing or file a timely notice of appeal in accordance with the Rules of Appellate Procedure. However, given the fundamental nature of a defendant's right to assistance of counsel, and the clear error in the trial court's denial of counsel upon defendant's request, we exercise our discretion to entertain defendant's arguments pursuant to a writ of certiorari. *See* N.C.R. App. P. 21(a)(1) (a " 'writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments [and orders] of trial tribunals when the right to prosecute an appeal has been lost. . . .' "); *Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) (quoting N.C.R. App. P. Rule 21(a)(1)). We do not pass judgment on the merits of the State's argument that defendant has no statutory right to appeal from an order modifying an ordinary term of probation.

A criminal defendant may "waive his [constitutional] right to be represented by counsel so long as he voluntarily and understandingly does so." *State v. Hyatt*, 132 N.C. App. 697, 700, 513 S.E.2d 90, 93 (1999) (citing *State v. Clark*, 33 N.C. App. 628, 629, 235 S.E.2d 884, 886 (1977)). Once given, however, "a waiver of counsel is good and sufficient until the proceedings are terminated or until the defendant

makes known to the court that he desires to withdraw the waiver and have counsel assigned to him." *Id.* (citing *State v. Watson,* 21 N.C. App. 374, 379, 204 S.E.2d 537, 540-41, *cert. denied,* 285 N.C. 595, 206 S.E.2d 866 (1974)); *see also, e.g., State v. Gamble,* 50 N.C. App. 658, 661, 274 S.E.2d 874, 876 (1981). The burden of establishing a change of desire for the assistance of counsel rests upon the defendant. *Hyatt,* 132 N.C. App. at 700, 513 S.E.2d at 93.

In the present case, we first note the trial judge's failure to complete the AOC form entitled "Waiver of Counsel." *See Tevepaugh v. Tevepaugh,* 135 N.C. App. 489, 493 n.4, 521 S.E.2d 117, 121 (1999) ("trial court ha[s] an affirmative obligation to be aware of and comply with all the provisions contained in the [AOC] forms."). Questions concerning the incomplete form's effect on the sufficiency of defendant's waiver aside, we find that defendant clearly requested withdrawal of his initial waiver and unequivocally expressed a desire to be assigned counsel.

The transcript of the 1998 hearing begins with a statement from the Assistant District Attorney that defendant "previously signed a waiver and . . . would request a Public Defender." In response to the trial court's question as to why he wished the assistance of a Public Defender, defendant responded, "I lost my job. Really, no excuse. I lost my job, and I don't have a lawyer. [The judge] told me to save the money for my lawyer the last time instead of getting a Public Defender. . . . Now, I'm sitting here fixing to face ten years over seven hundred dollars because I lost my job."

After hearing the Assistant District Attorney's recommendation that defendant's probation be revoked for various violations, the trial judge stated, "I'm not going to continue the matter. You signed this waiver before Judge Bridges and gave up your right to a lawyer. We'll proceed with the hearing."

In short, defendant affirmatively requested the assistance of a Public Defender. The trial court was aware of defendant's desire for assistance of counsel, but denied the request based on defendant's prior waiver. Defendant carried his burden of showing a change in his desire for assigned counsel, and the record reflects his request was for good cause. Thus, the trial court's denial of the request for assistance violated defendant's constitutional right to an attorney. In view of this conclusion, we need not address defendant's remaining arguments.

**STATE v. SEXTON**

[141 N.C. App. 344 (2000)]

The 1 December 1998 order of the trial court extended defendant's term of probation in a proceeding in which defendant was denied his right to an attorney. We therefore reverse the trial court's 1 December 1998 order and remand the matter to the trial court for hearing. It necessarily follows that the trial court's 17 May 1999 order, in which the trial court revoked defendant's probation for violations occurring within the erroneously extended period, be vacated. However, we vacate the 17 May 1999 order without prejudice, authorizing the court below to take appropriate action if a probation violation should be found and properly adjudicated.

Reversed and remanded.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.