STATE OF NORTH CAROLINA v. ANTHONY LEON HOOVER, Defendant

No. COA05-64

(Filed 15 November 2005)

1. **Constitutional Law— right to counsel—motion to withdraw waiver of counsel**

   The trial court did not err in a first-degree statutory rape case by denying defendant's motion to withdraw his waiver of counsel, because defendant failed to clearly state a request to withdraw his waiver of counsel and failed to provide a reason for the. delay in requesting the withdrawal constituting good cause.

2. **Evidence— denial of motion to introduce additional evidence—failure to show prejudice**

   The trial court did not abuse its discretion in a first-degree statutory rape case by refusing to reopen the trial to permit defendant to introduce additional evidence, because: (1) evidence about defendant's work schedule had already been admitted; and (2) defendant failed to show how he was prejudiced by the trial court's refusal to allow an additional witness to testify about driving him to and from work.

3. **Constitutional Law— right to counsel—waiver of counsel—pro se representation**

   The trial court did not err in a first-degree statutory rape case by permitting defendant to waive his right to counsel and allowing him to proceed pro se, because: (1) the trial court fully complied with N.C.G.S. § 15A-1242 before allowing defendant to waive his right to counsel; and (2) the court's findings of fact support its decision to permit defendant to waive his right to counsel and proceed pro se.

4. **Criminal Law— competency to stand trial—waiver of right to competency hearing**

   The trial court did not err in a first-degree statutory rape case by determining that defendant was competent to stand trial,

**STATE v. HOOVER**

[174 N.C. App. 596 (2005)]

because: (1) the court received a report from a forensic examiner stating that defendant was competent to stand trial, and the court ruled as such; and (2) by his failure to challenge the court's ruling, defendant waived his statutory right to a competency hearing under N.C.G.S. § 15A-1002(b).

Appeal by defendant from judgment entered 19 August 2004 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 22 September 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth N. Strickland, for the State.*

*Ligon and Hinton, by Lemuel W. Hinton, for defendant-appeallant.*

HUDSON, Judge.

Defendant Anthony Leon Hoover was charged with first-degree statutory rape. On 10 January 2003, the court appointed attorney David Liner to represent defendant. Liner withdrew as counsel on 7 October 2003, and the court assigned public defender Elizabeth Toomes as counsel. Toomes moved for an examination of defendant to determine his competency. On 10 May 2004, defendant requested Toomes be removed as his counsel; the court removed Toomes and appointed attorney H.G. Davis to represent defendant. On 13 August 2004, the court allowed Davis to withdraw and granted defendant's request to represent himself, with public defender Toomes as standby counsel. On 3 August 2004, the court heard and denied a number of motions from defendant, including one to replace Toomes as counsel. At the 16 August 2004 criminal session of the Superior Court in Forsyth County, defendant proceeded *pro se* and a jury convicted him of first-degree statutory rape. The court sentenced defendant to 312 to 384 months in prison, and he appeals. As discussed below, we see no error.

The evidence tended to show that in 1999 the eleven-year-old victim, B.R., lived with her aunt. She accused defendant, her mother's former live-in boyfriend, of molesting her in November 1998 when he lived with B.R. and her mother. B.R. told her aunt that defendant had come into the room where she was watching television and had intercourse with her, threatening her if she told anyone. Defendant's evidence showed that he lived with B.R. and her mother only from February through April 1998, and lived at another address during November of that year.

STATE v. HOOVER

[174 N.C. App. 596 (2005)]

**[1]** Defendant first argues that the court erred in denying defendant's motion to withdraw his waiver of counsel. We do not agree.

> A waiver of counsel or decision to proceed *pro se* is "good and sufficient until the trial [is] finally terminated, 'unless the defendant himself makes known to the court that he desires to withdraw the waiver' " and makes a showing that the change of mind to proceed (with or without an attorney) was for some "good cause." *State v. Clark*, 33 N.C. App. 628, 630, 235 S.E.2d 884, 886 (1977) (quoting *State v. Smith*, 27 N.C. App. 379, 380-81, 219 S.E.2d 277, 279 (1975)). To hold otherwise would allow a defendant " 'to control the course of litigation and sidetrack the trial.' " *Id.*

*State v. Jackson*, 128 N.C. App. 626, 629, 495 S.E.2d 916, 919, *review dismissed as improvidently granted*, 349 N.C. 287, 507 S.E.2d 37 (1998). Where "[t]he trial court was aware of [a] defendant's desire for assistance of counsel, but denied the request based on defendant's prior waiver[,]" the denial was error and the defendant was entitled to a new trial. *State v. Sexton*, 141 N.C. App. 344, 347, 539 S.E.2d 675, 677 (2000). Several features of *Sexton* make it distinguishable from the case before us now. The trial court there failed to complete the AOC form entitled "Waiver of Counsel." *Id.* In addition, the defendant in *Sexton*, who asked to withdraw his waiver on the day of trial, gave the trial court "good cause," explaining that the length of sentence he faced had caused him to reconsider his attempt to save money by refusing the assistance of counsel. *Id.*

Here, defendant had four counsel appointments and requested change of counsel four times in approximately eighteen months. He sought to withdraw his waiver of counsel two weeks prior to the beginning of trial. The record before us reveals that defendant complained about the performance of his standby counsel Toomes, alleging in a motion that she was providing him ineffective assistance of counsel, which the court treated as a request for the appointment of new counsel. The court denied defendant's request, stating "you indicated you wanted to represent yourself, so I'm not going to appoint another lawyer, you either have Ms. Toomes as your standby counsel or no lawyer at all. Do you want Ms. Toomes to stay as your standby counsel?" Defendant responded "yes, I'm going to beat the case anyway." Unlike the circumstances in *Sexton*, defendant here failed to clearly state a request to withdraw his waiver of counsel and failed to provide a reason for the delay in requesting the withdrawal constituting "good cause." We overrule this assignment of error.

**STATE v. HOOVER**

[174 N.C. App. 596 (2005)]

**[2]** Defendant next argues that the court abused its discretion by refusing to reopen the trial to permit defendant to introduce additional evidence. We disagree.

At the conclusion of the trial, the court asked defendant whether he wished to call any further witnesses or introduce any additional evidence. Defendant said no. Following motions, the charge conference, and the closing arguments, court recessed for the evening. The next morning, defendant's sister asked the court if an additional witness, Michael Reese, could testify about driving defendant to and from work. The court did not allow the evidence to be reopened. Defendant contends this ruling was an abuse of the court's discretion.

N.C. Gen. Stat. § 15A-1226(b) provides that "[t]he judge in his discretion may permit any party to introduce additional evidence at any time prior to verdict." Because there is no constitutional right to have one's case reopened, the decision to reopen a case is strictly within the trial court's discretion. *State v. Shelton*, 53 N.C. App. 632, 648, 281 S.E.2d 684, 695 (1981), *appeal dismissed*, 305 N.C. 306, 290 S.E.2d 707 (1982). Defendant cites *State v. Lang* for the proposition that "there is error when the trial court refuses to exercise its discretion in the erroneous belief that it has no discretion as to the question presented." 301 N.C. 508, 510, 272 S.E.2d 123, 125 (1980). In addition, "[w]here the error is prejudicial, the defendant is entitled to have his motion reconsidered and passed upon as a discretionary matter." *Id.* In *Lang*, however, the jury had requested a transcript of witness testimony while deliberating, which request the trial court refused, believing that it did not have the authority to provide the transcript. *Id. Lang* is inapposite to the case before us. In addition, defendant fails to show that the court abused its discretion in refusing to reopen the trial to allow Mr. Reese to testify. Because evidence about defendant's work schedule had already been admitted, defendant fails to show how he was prejudiced by the trial court's refusal to allow Mr. Reese to testify about driving him to and from work. We overrule this assignment of error.

**[3]** Defendant also argues that the court erred in permitting him to waive his right to counsel and allowing him to proceed *pro se.* We disagree.

Defendant contends that the court should have inquired into his literacy, competency, and ability to read before permitting him to waive his right to counsel. Our Supreme Court has recently reaffirmed that:

a defendant has a right to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes. However, before allowing a defendant to waive in-court representation by counsel, . . . the trial court must insure that constitutional and statutory standards are satisfied. First, defendant's waiver of the right to counsel and election to proceed *pro se* must be expressed clearly and unequivocally. Second, in order to satisfy constitutional standards, the trial court must determine whether defendant knowingly, intelligently, and voluntarily waives his right to counsel. In order to determine whether the waiver meets [this constitutional] standard, the trial court must conduct a thorough inquiry.

*State v. Fulp,* 355 N.C. 171, 174-75, 558 S.E.2d 156, 158-59 (2002) (internal citations and quotation marks omitted). The constitutional requirements of waiving the right to counsel are satisfied by compliance with N.C. Gen. Stat. § 15A-1242, which provides that:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2001). In addition, the Court in *Fulp* held that the trial court's failure to "expressly and specifically state in his findings of fact that he considered defendant's age, education, familiarity with the English language, mental condition, and the complexity of the crime charged is not of sufficient consequence to warrant reversal of the court's order." *Fulp,* 355 N.C. at 177, 558 S.E.2d at 160 (internal quotation marks omitted). The record reveals that the court fully complied with the statutory requirements before allowing defendant to waive his right to counsel. The court's findings of fact support its decision to permit defendant to waive his right to counsel and proceed *pro se*. This assignment of error is without merit.

WILLIAMS v. NATIONWIDE MUT. INS. CO.

[174 N.C. App. 601 (2005)]

**[4]** In his final assignment of error, defendant argues that the court erred in determining that he was competent to stand trial. We disagree.

The court received a report from a forensic examiner, stating that defendant was competent to stand trial, and the court ruled as such.

> Pursuant to the plain language of section 15A-1002(b)(3), the trial court must hold a hearing to determine the defendant's capacity to proceed *if* the question is raised. However, this Court has recognized that a defendant may waive the benefit of statutory or constitutional provisions by express consent, failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it.

*State v. King*, 353 N.C. 457, 466, 546 S.E.2d 575, 584 (2001), *cert. denied*, 534 U.S. 1147, 151 L. Ed. 2d 1002 (2002) (citing N.C. Gen. Stat. § 15A-1002(b)(3) (internal citations and quotation marks omitted). By his failure to challenge the court's ruling, defendant waived his statutory right to a competency hearing under N.C. Gen. Stat. § 15A-1002(b). *Id.* at 466, 546 S.E.2d at 585. We overrule this assignment of error.

No error.

Judges ELMORE and SMITH concur.