STATE OF NORTH CAROLINA v. TRAVIS LEE SCOTT

No. COA07-216

(Filed 18 December 2007)

**Constitutional Law— right to counsel—denial of request to withdraw waiver of court-appointed attorney—probation revocation hearing**

The trial court erred in a probation revocation hearing by denying defendant's request to withdraw his waiver of a court-appointed attorney, and the case is remanded for a new hearing, because: (1) defendant withdrew his prior waiver by explicitly asking the trial court to appoint counsel to represent him; (2) defendant indicated he sought to hire an attorney, but that he did not know it would cost so much; (3) the State's contention that defendant made no inquiry into the cost of retaining counsel was not supported by the transcript; (4) defendant did not forfeit his right to an attorney when his request for appointed counsel was not a tactic to delay and frustrate the orderly processes of the trial court based on the fact that he attempted to withdraw his waiver at his second appearance which was less than one month after signing the waiver form; and (5) defendant carried his burden of proving a change in his desire for the assistance of counsel, and his request was for good cause.

Judge CALABRIA dissenting.

Appeal by Defendant from judgment entered 16 October 2006 by Judge Alma L. Hinton in Halifax County Superior Court. Heard in the Court of Appeals 10 October 2007.

*Attorney General Roy Cooper, by Assistant Attorney General James C. Holloway, for the State.*

*Anne Bleyman for Defendant.*

STEPHENS, Judge.

On or about 3 January 2005, Travis Lee Scott ("Defendant") pled guilty to one count of felony possession of cocaine in violation of N.C. Gen. Stat. § 90-95(d)(2). The trial court sentenced Defendant to six to eight months in prison, suspended the sentence, and placed Defendant on supervised probation. On 5 September 2006, Defendant's probation officer filed a violation report alleging four violations of the terms of Defendant's probation. At his first appearance on 18 September 2006, Defendant signed a waiver of counsel form and stated that he would hire his own attorney to represent him in the probation violation proceedings.

At his next appearance on 16 October 2006, Defendant asked the trial court to appoint him an attorney.

THE COURT: Why is that, sir?

THE DEFENDANT: Because I don't have no money to afford to pay no lawyer.

THE COURT: Before you waived your right to counsel, had you made any inquiry as to how much it was going to cost to hire an attorney?

THE DEFENDANT: No, ma'am.

THE COURT: So you just came in here and waived thinking that you would be able to do it?

THE DEFENDANT: I didn't know it would be that much.

THE COURT: Have you ever had to hire an attorney before for anything?

THE DEFENDANT: Yes.

. . . .

THE COURT: Your request is denied.

THE DEFENDANT: I was asking could I get a continuance.

THE COURT: No, sir.

After hearing from Defendant and his probation officer, the trial court revoked Defendant's probation and activated his suspended sentence. On appeal, Defendant argues the trial court erred in (1) denying his request to withdraw his waiver of court appointed counsel, (2) denying his request for a continuance, and (3) failing to ensure that Defendant's waiver of counsel was made knowingly, intelligently, and voluntarily.

A defendant at a probation revocation hearing has a statutory right to counsel akin to the right enjoyed in a criminal trial. *See* N.C. Gen. Stat. § 15A-1345(e) (2005) ("The probationer is entitled to be represented by counsel at the [probation revocation] hearing and, if indigent, to have counsel appointed."); *State v. Warren*, 82 N.C. App. 84, 85, 345 S.E.2d 437, 439 (1986) ("There is a statutorily recognized right to counsel at a probation revocation hearing in North Carolina that goes beyond the federal constitutional right enunciated in *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S.Ct. 1756 (1973).") (citations omitted).

> A criminal defendant may waive his [constitutional] right to be represented by counsel so long as he voluntarily and understandingly does so. Once given, however, a waiver of counsel is good and sufficient until the proceedings are terminated or until the defendant makes known to the court that he desires to withdraw the waiver and have counsel assigned to him. The burden of establishing a change of desire for the assistance of counsel rests upon the defendant.

*State v. Sexton*, 141 N.C. App. 344, 346-47, 539 S.E.2d 675, 676-77 (2000) (alteration in original) (quotation marks and citations omitted).

In *Sexton*, the defendant waived his right to appointed counsel at his first appearance. Two months later, when the matter was called for hearing, the defendant specifically asked the trial court to appoint him counsel. The defendant made his request because he "lost [his] job[,]" *id.* at 347, 539 S.E.2d at 677, but the trial court denied the request based on the prior waiver. On appeal, this Court held that the defendant had "carried his burden of showing a change in his desire for assigned counsel, and the record reflects his request was for good cause." *Id.* Therefore, this Court determined, "the trial court's denial

of the request for assistance violated defendant's constitutional right to an attorney." *Id.*

Like the defendant in *Sexton*, Defendant in this case withdrew his prior waiver by explicitly asking the trial court to appoint counsel to represent him. Defendant indicated that he had sought to hire an attorney, but that he "didn't know it would be that much." The State's contention to the contrary, that Defendant "made no inquiry" into the cost of retaining counsel, is simply not supported by the transcript. Moreover, we disagree with the State's suggestion that Defendant's request for appointed counsel was a tactic "to delay and frustrate the orderly processes of the trial court[,]" and that, thus, Defendant forfeited his right to an attorney. *See State v. Montgomery*, 138 N.C. App. 521, 524, 530 S.E.2d 66, 69 (2000) (stating that a defendant may forfeit his right to counsel when he uses that right " 'for the purpose of obstructing and delaying his trial.' ") (quoting *State v. McFadden*, 292 N.C. 609, 616, 234 S.E.2d 742, 747 (1977)). In *Montgomery*, this Court held that the trial court did not err in requiring the defendant to proceed *pro se* where the defendant "was afforded ample opportunity over the course of fifteen months[] to obtain counsel[,]" the "defendant was disruptive in the courtroom on two occasions," and the defendant "refused to cooperate with [his attorney] and assaulted him[.]" *Id.* at 525, 530 S.E.2d at 69. Defendant's "tactic" in this case, by contrast, amounted to an attempt to withdraw his waiver at his second appearance, less than one month after signing the waiver form. In sum, Defendant carried his burden of proving a change in his desire for the assistance of counsel, and his request was for good cause.

The trial court erred in denying Defendant's request, and this error violated Defendant's right to an attorney. Accordingly, we reverse and remand the matter to the trial court for a new probation revocation hearing. In light of this result, we need not address Defendant's remaining arguments.

REVERSED and REMANDED.

Judge McCULLOUGH concurs.

Judge CALABRIA dissents in a separate opinion.

CALABRIA, Judge, dissenting.

I respectfully dissent from the majority opinion that defendant's constitutional right to an attorney was violated. Defendant's request

for assigned counsel following a waiver was not for good cause; therefore the trial court's denial of the request was not in error.

"A waiver of counsel or decision to proceed *pro se* is good and sufficient until the trial [is] finally terminated, unless the defendant himself makes known to the court that he desires to withdraw the waiver and makes a showing that the change of mind to proceed (with or without an attorney) was for *some good cause.*" *State v. Hoover,* 174 N.C. App. 596, 598, 621 S.E.2d 303, 304 (2005) (citations and internal quotation marks omitted) (emphasis added). The purpose behind the requirement of showing good cause to withdraw a waiver of counsel is that, in the absence of good cause, a defendant would be "permitted to control the course of litigation and sidetrack the trial." *State v. Smith,* 27 N.C. App. 379, 381, 219 S.E.2d 277, 279 (1975).

As *Hoover* indicates, to withdraw the waiver of counsel the defendant must do two things: make known to the court the desire to withdraw the waiver, and make a showing that the change of mind was for good cause. *Hoover,* 174 N.C. App. at 598, 621 S.E.2d at 304. It is on this second requirement that defendant has failed to meet the requirements set out in *State v. Hoover.*

The majority's reliance on *State v. Sexton,* 141 N.C. App. 344, 539 S.E.2d 675 (2000) is misplaced. In *Sexton* the defendant made his request for appointment of counsel because he "lost [his] job[,]" *Id.,* 141 N.C. App. at 347, 539 S.E.2d at 677. This Court, in a unanimous opinion, held that his request was for good cause. *Id.,* 141 N.C. App. at 344, 539 S.E.2d at 675. The defendant in *Sexton* faced a dramatic change in circumstances that modified his ability to afford an attorney.

Unlike the defendant in *Sexton,* the defendant in the case before us has not faced a change in circumstances that was not, or should not, have been anticipated. He has not shown that his circumstances had changed from the time he waived his right to appointed counsel and the time he attempted to withdraw that waiver.

We need not make an inquiry into the motives of the defendant to decide if he intended to "delay and frustrate the orderly processes of the trial court." We need only determine if defendant met his burden of showing his request for a withdraw of waiver of counsel was for good cause. Defendant failed to meet that burden, therefore the trial court's decision should be affirmed.