HUNTER, JR. ROBERT N., Judge.
William Banks, III ("Defendant") appeals from a judgment entered upon his conviction for four misdemeanors: (1) driving while impaired, (2) carrying a concealed weapon, (3) driving left of center, and (4) driving without an operator's license. The trial court sentenced Defendant to 12 months of supervised probation and four days in jail as a special condition of probation for the DWI as well as 12 months of supervised probation for carrying a concealed weapon, driving left of center, and driving without a license. We affirm the trial court's order.
I. Factual and Procedural Background
On 24 February 2012 the State charged Banks with four misdemeanors: (1) driving while impaired, (2) carrying a concealed weapon, (3) driving left of center, and (4) driving without an operator's license. Defendant retained counsel at the district court level. On 15 November 2012, Defendant pled guilty to the DWI charge and not guilty to the remaining charges. The district court convicted Defendant of all charges. The district court found no grossly aggravating factors and found mitigating factors of slight impairment not exceeding 0.09 and a safe driving record. The court sentenced Defendant to 60 days imprisonment and then suspended the sentence, placing Defendant on unsupervised probation for 12 months and requiring 24 hours of community service during the first 60 days of probation. Defendant appealed to superior court.
On 7 January 2013 and again on 10 March 2014, Defendant filed a waiver of assigned counsel prior to court appearances. On 14 April 2014, Defendant appeared in superior court, informing the court he wished to waive his right to counsel and represent himself. The State explained Defendant "had to waive his right to counsel because his attorney was disbarred[.]" Following a series of questions involving Defendant's mental state and understanding, the following exchange occurred:
THE COURT: And do you understand that you have the right to court-appointed counsel if you're unable to hire an attorney?
DEFENDANT: Yes, sir.
THE COURT: Do you understand that an attorney would be appointed to represent you if you're unable to hire your own attorney?
DEFENDANT: Yes, sir.
The court then explained the charges against Defendant and the maximum sentence for each offense. Defendant signed a waiver of all assistance of counsel, including both assigned and retained counsel.
Following Defendant's waiver of counsel, the State filed and served on Defendant a notice of aggravating factors on 12 December 2014, alleging three aggravating factors for sentencing purposes. The State alleged Defendant's driving was especially reckless and especially dangerous as well as the additional aggravating factor of carrying a concealed handgun.
On 20 January 2015, the State called Defendant's case for trial in superior court. The court noted it had reviewed Defendant's waiver of counsel previously, and Defendant responded he was "ready to go ahead and just see what I can do and get it over with." The court informed Defendant the State was now pursuing aggravating factors related to the DWI charge. Defendant acknowledged he had received a letter listing the aggravating factors. He then stated:
... I want a lawyer but I can't afford to pay for my own lawyer, you know. And then the other hand is, you know, after going through those four lawyers, it put a toll on my pocket, and then one of them getting barred [sic], you know, it put me in a bind....
The court explained the aggravating factors, if found by the jury, could mean a harsher sentence which may include jail time. Deciding to proceed to trial, the court reasoned:
[Y]ou've told the Court for over a year, and you told me yesterday ... that you were going to represent yourself, that you knew what you were doing. And [on 14 April 2014, the court] went over all the requirements that we have to, to make sure that someone knows what they're doing. And then you're not the first person, whether they have a lawyer or they don't have a lawyer, that comes in, stands behind that table and gets concerned.
The court found Defendant made a voluntary and intelligent decision to proceed pro se. The trial court informed the parties it would call in the jury following a recess.
After the recess, the Defendant told the court he wished to plead guilty. Defendant entered a guilty plea for DWI, carrying a concealed weapon, driving left of center, and driving without a license with no agreement as to sentencing. The superior court sentenced Defendant as a Level Five for the DWI. The court sentenced Defendant to 60 days imprisonment for the DWI, and then suspended the sentence, placing Defendant on supervised probation for twelve months. As a condition of special probation, the court required Defendant to serve an active term of four days. The court consolidated the other three charges, and sentenced Defendant to 15 days imprisonment, suspended the sentence, and placed Defendant on supervised probation for 12 months. The probation periods run concurrently.
On 30 January 2015, Defendant, pro se, filed a written Notice of Appeal with this Court. Subsequently, Defendant was appointed counsel for the appeal. Defendant, acknowledging his Notice of Appeal was incomplete, through counsel filed a Petition for Writ of Certiorari with this Court on 8 September 2015. We allowed the petition 18 December 2015.
II. Jurisdiction
Under Rule 21 of the North Carolina Rules of Appellate Procedure, a writ of certiorari may be permitted "when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief." N.C. R.App. P. 21. Additionally, a limitation under the appellate rules "cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution." State v. Stubbs, 368 N.C. 40, 42, 770 S.E.2d 74, 76 (2015).
N.C. Gen.Stat. § 15A-1444(e) grants defendants entering a guilty plea the ability to petition for certiorari. This Court has previously granted a writ of certiorari in a similar case where defendant waived his right to counsel and later requested appointed counsel noting the "fundamental nature" of the right of counsel. State v. Sexton, 141 N.C.App. 344, 346, 539 S.E.2d 675, 676 (2000). We exercise our discretion to entertain Defendant's arguments pursuant to a writ of certiorari.
III. Standard of Review
We review both of Defendant's arguments under a de novo standard of review. "The standard of review for alleged violations of constitutional rights is de novo. " State v. Graham, 200 N.C.App. 204, 214, 683 S.E.2d 437, 444 (2009). Because the right to counsel is a constitutional right, we review waivers of the right to counsel de novo. See Sexton, 141 N.C.App. at 346-348, 539 S . E.2d at 676-677. Statutory mandates also receive de novo review. State v. Love, 156 N.C.App. 309, 317-318, 576 S.E.2d 709, 714 (2003).
IV. Analysis
A. Waiver of Counsel
The Sixth Amendment right to the aid of counsel is a fundamental right conferred upon the states by the Fourteenth Amendment. Gideon v. Wainright, 372 U.S. 335, 342-344, 83 S.Ct. 792, 796-797 (1963). The North Carolina Constitution also guarantees the right to counsel in criminal trials:
In all criminal prosecutions, every person charged with crime has the right to be informed of the accusation and to confront the accusers and witnesses with other testimony, and to have counsel for defense, and not be compelled to give self-incriminating evidence, or to pay costs, jail fees, or necessary witness fees of the defense, unless found guilty.
N.C. Const. art. I, § 23. A defendant may waive the right if the defendant does so voluntarily and with an understanding of the ramifications of the waiver. State v. Hyatt, 132 NC App. 697, 700, 513 S.E.2d 90, 93 (1999). A waiver is valid until the trial is over or the defendant makes known to the court the desire to withdraw or rescind the waiver and makes a showing that the rescission of the waiver was for good cause. State v. Clark, 33 N.C.App. 628, 630, 235 S.E.2d 884, 886 (1977). Good cause generally means that the defendant's desire to rescind the waiver was not a tactic to "delay and frustrate the orderly processes of the trial court." See State v. Scott, 187 NC App. 775, 778, 653 S.E.2d 908, 910 (2007) ; State v. Montgomery, 138 NC App. 521, 527, 530 S.E.2d 66, 69 (2000). The burden of proof of good cause rests on the defendant. Sexton, 141 N.C.App. at 347, 539 S.E.2d at 677.
Defendant argues the trial court erred by denying his request to withdraw his waiver of counsel and seek an appointed attorney. He argues upon learning the State was going to seek multiple aggravating factors for sentencing, he had good cause to withdraw his prior waiver of his right to an appointed attorney. He further argues that he elected to proceed pro se only after his attorney was disbarred. We are not persuaded by Defendant's arguments.
Here, Defendant waived his right to both appointed and retained counsel at a hearing conducted before trial. Unless and until Defendant made it known to the trial court he desired to withdraw his waiver and showed the desire to withdraw was for good cause, the waiver remains in effect. Although Defendant made it known to the trial court on the morning of his trial he wished to have a lawyer for his superior court trial, he did not meet his burden of establishing good cause.
Defendant was afforded ample opportunity to obtain counsel or withdraw his waiver over the course of approximately eight months between his waiver and the superior court trial, and during the five weeks between the State's written notice of aggravating factors and the trial date. See Montgomery, 138 N.C.App. at 525, 530 S.E.2d at 69. However, he did not request counsel until it was time for the trial to begin. At the hearing, during which he waived all counsel, Defendant was notified of the maximum possible sentence for each charge. Additionally, Defendant re-affirmed his decision to proceed without counsel the day before trial. We hold Defendant has not met his burden to show good cause for withdrawing his waiver.
B. Jail Sentence as Condition of Probation
N.C. Gen.Stat. § 20-179(k) provides that a person sentenced to a Level Five punishment for a DWI conviction must be sentenced to 24 hours to 60 days imprisonment or a suspended sentence with special probation that must include as a condition 24 hours of imprisonment, 24 hours of community service, or a combination of the two. N.C. Gen.Stat. § 20-179(k) (2015). A trial court may include any other lawful condition as a part of special probation. N.C. Gen.Stat. § 20-179(k) (2015). N.C. Gen.Stat. § 15A-1351(a) allows a lawful condition of special probation to include imprisonment for a term of up to 25% of the maximum time allowed under N.C. Gen.Stat. § 20-179(k). Pursuant to statute, the maximum term of imprisonment is 60 days, making the maximum condition of special probation 15 days. N.C. Gen.Stat. § 20-179(k) (2015).
Defendant argues the trial court erred by imposing a four day jail sentence as a special probation condition of a Level Five DWI punishment because N.C. Gen.Stat. § 20-179(k)(1) limits that condition to 24 hours in jail. Defendant argues that he is entitled to a new sentencing hearing. We are not persuaded by Defendant's argument.
N.C. Gen.Stat. § 20-179(k) requires a suspended sentence for a Level Five DWI to include a term of 24 hours imprisonment or 24 hours of community service as a special condition of probation. The statute requires 24 hours imprisonment, but does not limit the imprisonment to 24 hours. Instead, the limit is governed by N.C. Gen.Stat. § 15A-1351, limiting imprisonment as a condition of special probation to 25% of the maximum time. Here, 25% of the maximum time is 15 days imprisonment. Because Defendant's condition of special probation included only four days imprisonment, we affirm the probation conditions as imposed by the trial court.
V. Conclusion
For the foregoing reasons, we affirm the order of the trial court.
AFFIRMED.
Judges STEPHENS and INMAN concur.
Report per Rule 30(e).