STATE OF NORTH CAROLINA v. LATARA CHARLITA PROBY

No. COA04-942

(Filed 1 March 2005)

**Probation and Parole— probation revocation—knowing and
voluntary decision to represent oneself**

    The trial court did not err in a revocation of probation and
activation of sentences for food stamp fraud, solicitation to
obtain property by false pretenses, uttering a forged instrument,
and obtaining property by false pretenses case by allowing
defendant to represent herself allegedly without asking her if she
understood the nature of the charges and the consequences of
her decision to proceed without a lawyer, because: (1) the trial
court's inquiry informed defendant that if she was found to have
violated probation, then she faced the possible consequence of
active service of the sentences; (2) the court informed defendant
that she had the right to the assistance of an attorney, and defend-
ant indicated that she understood but chose to proceed without
an attorney; and (3) the court's inquiry elicited the information
necessary under N.C.G.S. § 15A-1242 for it to make a determina-
tion that defendant's decision to represent herself was knowing
and voluntary.

Appeal by defendant from judgments entered 6 April 2004 by
Judge Benjamin G. Alford in Duplin County Superior Court. Heard in
the Court of Appeals 28 February 2005.

*Attorney General Roy Cooper, by Assistant Attorney General
Thomas M. Woodward, for the State.*

*Duncan B. McCormick for defendant appellant.*

McCULLOUGH, Judge.

Defendant appeals from revocation of probation and activation of
sentences for food stamp fraud, solicitation to obtain property by

false pretenses, uttering a forged instrument (two counts), and obtaining property by false pretenses (two counts).

Defendant's sole contention is that the court erred by allowing defendant to represent herself without asking her if she understood the nature of the charges and the consequences of her decision to proceed without a lawyer.

At the call of the matter for hearing, the following transpired:

Ms. RHODES [D.A.]: Her attorney situation needs to be addressed as well. May I approach with the file, Your Honor?

THE COURT: You may.

Ms. Proby, you do have the right to remain silent; anything you say can be used against you. Do you understand that?

THE PROBATIONER: Yes, sir.

THE COURT: If you're found to have willfully violated probation, you could be ordered to serve a sentence of not less than six nor more than eight months, followed by a consecutive sentence of not less than eight nor more than ten months, and another sentence of not less than six nor more than eight that would run at the same time as those other two. Do you understand that?

THE PROBATIONER: Yes.

THE COURT: You have a right to have a lawyer help you with your cases. If you can [sic] afford one, we'll appoint one. Do you understand?

THE PROBATIONER: Yes.

THE COURT: Do you wish to proceed with a lawyer or without?

THE PROBATIONER: Without.

THE COURT: Please step over here and sign a waiver of your right to all assistance of counsel and be sworn to it.

THE PROBATIONER SIGNS A WAIVER OF COUNSEL FORM AND IS SWORN TO THE SAME.

Defendant then admitted to the violations of probation.

After defendant was sentenced, she returned to the courtroom later that day and informed the court that she "didn't understand the question about the lawyer situation. The reason why I signed the waiver saying I didn't want an attorney was because my probation officer had told me before we came to Court that you [sic] she wasn't requesting that I go to prison." The court denied her request for relief.

Before a defendant in a probation revocation is allowed to represent himself, the court must comply with the requirements of N.C. Gen. Stat. § 15A-1242 (2003); *State v. Evans*, 153 N.C. App. 313, 314-15, 569 S.E.2d 673, 674 (2002). This statute provides:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242. When a claim is made relating to the adequacy of the foregoing statutory inquiry, "the critical issue is whether the statutorily required information has been communicated in such a manner that defendant's decision to represent himself is knowing and voluntary." *State v. Carter*, 338 N.C. 569, 583, 451 S.E.2d 157, 164 (1994).

The trial judge's inquiry in the case at bar clearly informed defendant that if she is found to have violated probation, then she faced the possible consequence of active service of the sentences. The court also clearly informed defendant that she had the right to the assistance of an attorney. Defendant's responses clearly indicated that she understood.

Because the court's inquiry elicited the information necessary for it to make a determination that defendant's decision to represent her-

**STATE v. PROBY**

[168 N.C. App. 724 (2005)]

self was knowing and voluntary, we conclude the court complied with the requirements of the statute.

The judgments are

Affirmed.

Chief Judge MARTIN and Judge CALABRIA concur.