STATE OF NORTH CAROLINA
v.
PAUL THOMAS SHOE.
No. COA06-774
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General John Mann, for the State.
Robert W. Ewing for Defendant-Appellant.
McGEE, Judge.
Defendant appeals from the revocation of his probation and activation of a sentence for manufacturing of marijuana. Defendant contends the trial court erred by allowing Defendant to represent himself without establishing that Defendant's waiver of his right to counsel was knowing, voluntary, and intelligent.
Defendant appeared before Judge Henry E. Frye, Jr. on 9 January 2006. The trial court inquired as to Defendant's desire to be represented by counsel as follows:
THE COURT: All right. Mr. Shoe, did you get served a copy of the violation report, sir?
[DEFENDANT]: Yes, sir. THE COURT: And do you know how much time you could possibly get?
[DEFENDANT]: Yes, sir.
THE COURT: All right. Do you want a court appointed lawyer or are you going to hire your own lawyer or represent yourself?
[DEFENDANT]: Represent myself, sir.
THE COURT: Represent yourself?
[DEFENDANT]: Yes, sir.
THE COURT: All right. I need you to sign a waiver. The waiver at this time will say you don't want any counsel.
[DEFENDANT]: Yes, sir.
(Bailiff Hill took a paperwriting to [Defendant] and [Defendant] signed said paperwriting)
THE CLERK: You do swear you do not wish to have counsel assigned to you, and this is your signature on the waiver?
[DEFENDANT]: Yes, ma'am.
The hearing on the probation violation was continued until 13 February 2006 at which time the following additional exchange occurred between Defendant and Judge Albright:
[STATE]: Do you have a lawyer, Mr. Shoe?
[DEFENDANT]: I'm going to represent myself.
THE COURT: Where are we on this?
[STATE]: This is Page 2, Your Honor, Paul Tommy Shoe. He has previously executed a Superior Court waiver. I think that was at a previous session of Superior Court.
THE COURT: All right. Mr. Shoe, are you ready to proceed?
[DEFENDANT]: Yes, sir, I reckon.
THE COURT: Are you going to get your own attorney?
[DEFENDANT]: No, sir.
THE COURT: Do you want an attorney?
[DEFENDANT]: I don't think I need one, sir.
THE COURT: Well, you've already waived. If you've already waived you need to have your own attorney. Are you ready to proceed today?
[DEFENDANT]: Yeah, get it over with. Yes, sir.
THE COURT: All right. Mr. D.A., you ready to proceed.
[STATE]: Yes, sir.
THE COURT: Okay. When did he waive?
[STATE]: I do not know, Your Honor. I would imagine it was the last session of Superior Court, jury session.
THE CLERK: January the 9th.
THE COURT: Okay. And Mr. Shoe, you didn't  I assume you're not going to hire your own attorney, is that correct?
[DEFENDANT]: No.
THE COURT: All right. Before we proceed, why don't you sign a waiver of all counsel. Sheriff, if you'll have him sign a waiver of all counsel.
BAILIFF HILL: Yes, sir, Your Honor.
(Above request complied with.)
THE COURT: Mr. D.A., is this for one charge I'm looking at?
[STATE]: Yes, sir.
THE CLERK: Do you swear that you do not wish to have counsel assigned to you and you hereby waive this right, and this is your signature?
[DEFENDANT]: Yes, ma'am.
THE COURT: Wait a minute. I believe we've already signed one. Actually you've already signed a waiver of all counsel back on January 9' [sic] 2006. So that's already been taken care of. Okay. We're ready to proceed.
Defendant contends that the trial court's inquiry failed to comply with the requirements of N.C. Gen. Stat. § 15A-1242, which governs a defendant's election to proceed without counsel. The trial court must comply with the requirements of this statute before a defendant in a probation revocation is allowed to represent himself. State v. Proby, 168 N.C. App. 724, 726, 608 S.E.2d 793, 794 (2005). This statute provides:
A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2005).
Defendant concedes that the trial court adequately informed him of his right to counsel as required by N.C.G.S. § 15A-1242(1),but contends the trial court did not properly determine whether he understood the consequences of waiving his right to counsel, as required in N.C.G.S. § 15A-1242(2). Defendant also contends the trial court failed to ensure that he understood the nature of the charges and proceedings and the possible punishments, as required by N.C.G.S. § 15A-1242(2) and (3).
At both hearings, the trial court clearly determined that Defendant wished to proceed without counsel. However, as to whether Defendant understood the charges, consequences and the nature of the proceedings, the trial court inquired only whether Defendant had received the probation violation report and whether Defendant knew "how much time [he] could possibly get[.]" Although Defendant responded in the affirmative, the trial court failed to specifically confirm Defendant's understanding that a finding of any of the alleged probation violations could result in his being incarcerated for a period ranging from six to eight months. Consequently, we conclude that the trial court's inquiry was insufficient to satisfy the requirements of N.C.G.S. § 15A-1242. While we recognize that Defendant signed a written waiver at both hearings, "[t]he execution of a written waiver of the right to assistance of counsel does not abrogate the trial court's responsibility to ensure the requirements of N.C. Gen. Stat. § 15A-1242 are fulfilled." State v. Evans, 153 N.C. App. 313, 316, 569 S.E.2d 673, 675 (2002). Accordingly, we reverse the judgment and remand for a new revocation hearing.
Reversed and remanded.
Chief Judge MARTIN and Judge HUNTER and concur.
Report per Rule 30(e).