STATE OF NORTH CAROLINA
v.
ALFONZO VEDER HOUSE, Defendant.
No. COA08-377
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Anne G. Kirby, for the State.
Michael E. Casterline for defendant-appellant.
GEER, Judge.
Defendant Alfonzo Veder House appeals from his convictions of possession of burglary tools, attempted breaking and entering, resisting a public officer, and being a habitual felon. On appeal, defendant argues that the trial court erred in allowing him to represent himself. Defendant does not contend that the trial court failed to conduct the inquiry required by N.C. Gen. Stat. § 15A-1242 (2007), but rather asserts that the trial court should have additionally advised him "that he would retain the right to direct the course of his own defense even if he retained his appointed lawyer." Defendant cites no authority supporting such a requirement, and we know of none.

Facts
The State's evidence tended to establish the following facts at trial. On 15 January 2007, Robert Tucker Joyner saw defendant standing on the back porch of his neighbor Hazel Mae Coleman's house, "messing around with the screen door[.]" As the neighbor watched, defendant went to Ms. Coleman's front door, then walked back around the house, got a bicycle parked behind the house, and hid it behind a nearby house. Defendant put on a pair of gloves, walked across the street to another house, but again returned to Ms. Coleman's back porch. At this point, Mr. Joyner called the police.
Officer P.T. Watkins of the Winston-Salem Police Department responded to the 911 call. As Officer Watkins came around the back corner of Ms. Coleman's house, he saw defendant standing on the porch "manipulating the door knob." Officer Watkins ordered defendant to stop and get on the ground. Defendant turned around, saw Officer Watkins, backed away from the house, stood there for a moment, and then began to run. As defendant took off, Officer Watkins saw defendant drop a shiny silver object from his right hand. Officer Watkins chased defendant and apprehended him.
Officer Watkins returned to Ms. Coleman's house and saw that the back door and the door frame were damaged. He also noticed what looked like pry marks on a window to the right of the door. When he retraced the path he took chasing defendant, Officer Watkins found a screwdriver on the ground. He also found defendant's gloves, hat, and jacket, which he had removed while running. Ms. Coleman did not own the screwdriver and had never seen it before. In addition, the door and window were not damaged when Ms. Coleman left for work that day.
Defendant was indicted for attempted breaking and entering, possession of burglary tools, resisting a public officer, and having attained habitual felon status. Assistant Public Defender Kevin Mauney was appointed to represent defendant at trial. Just before jury selection, defendant asked the trial judge to continue the case and order a mental evaluation at Dorothea Dix Hospital based on his history of drug addiction. Mr. Mauney explained to the judge that defendant had been accepted into a drug treatment program. Based on the trial judge's observation of defendant during the preliminary proceedings, the judge found that defendant was able to assist in his defense and was competent to stand trial. The trial court, therefore, denied defendant's request for an evaluation or a continuance.
When defendant expressed some confusion regarding the State's offer of a plea bargain, the trial judge reviewed the terms of the offer with defendant. The State's pending offer was to consolidate all of the charges into a single judgment with defendant to be sentenced in the presumptive range as a habitual felon. Defendant stated that he wanted to avoid being sentenced as a habitual felon, and he did not believe that Mr. Mauney had done all he could to persuade the prosecutor to dismiss the habitual felon charge. Defendant then asked the trial judge to appoint him new counsel for trial. The prosecutor explained to the trial judge that Mr. Mauney had in fact asked her to dismiss defendant's habitual felon charge, but that she refused to do so because defendant had previously been convicted as a habitual felon. In response to defendant's request for substitute counsel, the trial judge stated: "You're not entitled to select your court-appointed attorney. You have not shared any particular reason to substitute someone else for Mr. Mauney. The court is not aware of any reason that a new attorney should be appointed. Therefore, I'm denying your motion to appoint another attorney."
Mr. Mauney represented defendant during jury selection. After the jury was impaneled, defendant renewed his request for a mental evaluation. Defendant also told the trial judge that he wanted to represent himself, but that he needed a continuance to prepare for trial. The trial judge denied defendant's request for an evaluation. The trial judge also denied defendant's request for a continuance, but allowed an extended recess so that defendant could consider whether he wanted to proceed pro se.
After the recess, defendant indicated that he intended to discharge Mr. Mauney as appointed counsel and represent himself at trial. The trial judge then explained to defendant the charges against him and the possible maximum sentences that he could face if convicted. The trial judge also informed defendant that if he discharged Mr. Mauney, defendant would have to hire his own attorney or represent himself at trial. The trial judge explained that he would not, however, delay the trial in order for defendantto obtain a new attorney. The trial judge further informed defendant that if he chose to represent himself, he would be held to the same standards as an attorney and that the judge could not assist him.
The trial judge then asked defendant about his level of education and whether he had any physical or mental problems that would impair his ability to represent himself. Defendant stated that although he had not graduated from high school, he could read and write at the 12th grade level. Defendant also responded that he did not have any health issues preventing him from representing himself. At the end of the inquiry, the trial judge found that defendant had "voluntarily, knowingly, and understandingly waiv[ed] [his] right to further representation by appointed counsel," and the judge allowed defendant to represent himself. Mr. Mauney was appointed, over defendant's objection, as standby counsel.
Defendant declined to make an opening statement to the jury, but cross-examined the State's first two witnesses, Mr. Joyner and Officer Watkins. While cross-examining Officer Watkins, defendant asked the trial judge to re-appoint Mr. Mauney as his trial counsel. The judge re-appointed Mr. Mauney, who represented defendant for the remainder of the trial.
The jury convicted defendant of (1) attempted felonious breaking and entering, (2) possession of burglary tools, and (3) resisting, delaying, or obstructing a public officer. After defendant pled guilty to having attained habitual felon status, the trial judge consolidated the charges into one judgment and sentenced defendant to a presumptive-range term of 133 to 169 months imprisonment. Defendant timely appealed to this Court.

Discussion
Defendant first argues that the trial court failed to conduct a sufficient inquiry into his complaint regarding trial counsel prior to denying defendant's request for substitute counsel. "' While it is a fundamental principle that an indigent defendant in a serious criminal prosecution must have counsel appointed to represent him, an indigent defendant does not have the right to have counsel of his choice appointed to represent him.'" State v. Anderson, 350 N.C. 152, 166-67, 513 S.E.2d 296, 305 (internal citation omitted) (quoting State v. Thacker, 301 N.C. 348, 351-52, 271 S.E.2d 252, 255 (1980)), cert. denied, 528 U.S. 973, 145 L. Ed. 2d 326, 120 S. Ct. 417 (1999). When the defendant requests appointment of substitute counsel, "the trial court may properly deny the request if it appears `that the original counsel is reasonably competent to present defendant's case and the nature of the conflict between defendant and counsel is not such as would render counsel incompetent or ineffective to represent that defendant . . . .'" State v. Cobb, 150 N.C. App. 31, 36, 563 S.E.2d 600, 605 (emphasis omitted) (quoting Thacker, 301 N.C. at 352, 271 S.E.2d at 255), disc. review denied, 356 N.C. 169, 568 S.E.2d 618 (2002).
The following exchange occurred between defendant and the trial judge regarding defendant's request for appointment of substitute counsel: THE DEFENDANT: You know, due to, you know, Mr. Kevin Mauney, he says he did talk to [the prosecutor] and he did all [he] could. To my knowledge, I don't think that he did. So I am asking the court to restate [sic] me another attorney.
THE COURT: Do you want to give me something besides your conclusion that Mr. Mauney has not done all he should have done?
THE DEFENDANT: Not to my knowledge, sir.
THE COURT: You don't know anything in particular that he's been deficient [sic]?
THE DEFENDANT: I'd just ask the court to restate [me] another attorney.
THE COURT: Anything else you want to say about that?
THE DEFENDANT: (Shakes head negatively.)
THE COURT: You're not entitled to select your court-appointed attorney. You have not shared any particular reason to substitute someone else for Mr. Mauney. The court is not aware of any reason that a new attorney should be appointed. Therefore, I'm denying your motion to appoint another attorney.
This inquiry into defendant's request for substitute counsel was sufficient to ensure that Mr. Mauney could provide effective representation for defendant. Defendant made no claim that Mr. Mauney's representation had been deficient or that Mr. Mauney could not, due to a conflict, provide effective representation. Rather, the exchange between defendant and the trial judge shows that defendant's complaint was based on his dissatisfaction with the plea offers made by the prosecutor.
The discussion on the record between the trial court, defendant, Mr. Mauney, and the prosecutor reveals that Mr. Mauney had, in fact, pursued and obtained plea offers with significantly reduced sentences in comparison with the maximum sentences defendant faced by going to trial. The prosecutor, moreover, stated that Mr. Mauney had approached her about dismissing defendant's habitual felon charge, but that she had refused to do so because defendant had a prior conviction as a habitual felon. Based on these statements, the trial court advised defendant that "[a]ll the indicators are at this time that that attorney is serving you as he should. There is nothing contrary before the court." We hold that the trial judge's inquiry was sufficient and that he did not err in denying defendant's request for substitute counsel.
Defendant next argues that his waiver of his right to counsel was not made knowingly, voluntarily, and intelligently, as required by the United States and North Carolina Constitutions. Specifically, defendant contends that his waiver was uninformed because the trial judge "failed to give him a thorough explanation of the roles of counsel and the defendant with regard to decision-making" and "never fully advised" defendant "that he would retain the right to direct the course of his own defense even if he retained his appointed lawyer."
Just as a criminal defendant has a constitutional right to the assistance of counsel, he also has a constitutional right to refuse the assistance of counsel and represent himself. See Faretta v. California, 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975). Before, however, accepting a criminal defendant's waiver of the right to counsel, the trial judge must ensure that certain requirements are met:
First, defendant's waiver of the right to counsel and election to proceed pro se must be expressed clearly and unequivocally. Second, in order to satisfy constitutional standards, the trial court must determine whether defendant knowingly, intelligently, and voluntarily waives his right to counsel. In order to determine whether the waiver meets [this constitutional] standard, the trial court must conduct a thorough inquiry.
State v. Fulp, 355 N.C. 171, 175, 558 S.E.2d 156, 159 (2002) (internal citations and quotation marks omitted).
This Court has held that "[t]he constitutional requirements of waiving the right to counsel are satisfied by compliance with N.C. Gen. Stat. § 15A-1242[.]" State v. Hoover, 174 N.C. App. 596, 600, 621 S.E.2d 303, 306 (2005), cert. denied, 360 N.C. 488, 632 S.E.2d 766 (2006), disc. review denied, ___ N.C. ___, 653 S.E.2d 149 (2007). See also Thacker, 301 N.C. at 355, 271 S.E.2d at 256 ("[W]e hold that compliance with the dictates of G.S. 15A-1242 fully satisfies the constitutional requirement that waiver of counsel must be knowing and voluntary.").
N.C. Gen. Stat. § 15A-1242 provides:
A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
"'[T]he critical issue is whether the statutorily required information has been communicated in such a manner that defendant's decision to represent himself is knowing and voluntary.'" State v. Proby, 168 N.C. App. 724, 726, 608 S.E.2d 793, 794 (2005) (quoting State v. Carter, 338 N.C. 569, 583, 451 S.E.2d 157, 164 (1994), cert. denied, 515 U.S. 1107, 132 L. Ed. 2d 263, 115 S. Ct. 2256 (1995)).
Although defendant argues that his decision to waive his right to counsel was "uninformed," the record in this case establishes that the trial judge's questioning of defendant satisfied all three elements of N.C. Gen. Stat. § 15A-1242. Before accepting defendant's waiver of counsel, the trial judge advised defendant that he had a right to counsel at trial, whether appointed or retained, and that defendant would have to represent himself pro se or retain a private attorney if the court removed Mr. Mauney because defendant had offered an insufficient reason for appointing substitute counsel. The trial judge next explained to defendant that he would be held to the same standards as an attorney during trial if he chose to represent himself and the judge would not be able to assist or advise him. The trial judge then set out for defendant the potential sentences he could face as a habitual felon. The trial judge additionally questioned defendant about his level of education and his mental and physical health.
Because the trial judge complied with N.C. Gen. Stat. § 15A-1242, we hold that he did not err in determining that defendant had waived his right to counsel knowingly, voluntarily, and intelligently. See Hoover, 174 N.C. App. at 600, 621 S.E.2d at 306 (holding that waiver of right to counsel was valid where record revealed that trial court fully complied with statutory requirements of N.C. Gen. Stat. § 15A-1242 before allowing defendant to waive right to counsel); Proby, 168 N.C. App. at 726-27, 608 S.E.2d at 794 (finding valid waiver of right to counsel where trial court's questioning of defendant pursuant to N.C. Gen. Stat. § 15A-1242 "elicited the information necessary for it to make a determination that defendant's decision to represent herself was knowing and voluntary").
No Error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).