STATE OF NORTH CAROLINA v. HARVEY LEWIS MONTGOMERY

No. COA99-757

(Filed 20 June 2000)

### Constitutional Law-right to counsel— forfeiture—pro se representation

The trial court did not violate defendant's constitutional right to counsel by holding that defendant forfeited his right to counsel and by requiring defendant to proceed pro se, because: (1) defendant was afforded ample opportunity over the course of fifteen months to obtain counsel; (2) defendant was twice appointed counsel as an indigent; (3) defendant twice released his appointed counsel and retained private counsel; (4) defendant became disruptive on two occasions in the courtroom over one of his private counsel's inability to secure additional continuances, resulting in the trial being delayed; (5) after being advised by the judge that the case would not be further continued and that his private counsel would not be permitted to withdraw, defendant refused to cooperate with his counsel and assaulted him, resulting in an additional month's delay; and (6) defendant's purposeful conduct and tactics to delay and frustrate the orderly processes of our trial courts meant the trial court was not required to determine under N.C.G.S. § 15A-1242 that defendant had knowingly, understandingly, and voluntarily waived his right to counsel before requiring him to proceed pro se.

Appeal by defendant from judgment entered 8 April 1998 by Judge Raymond A. Warren in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 May 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General, Allison Smith Corum, for the State.*

*Jean B. Lawson for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from a judgment entered upon his conviction of robbery with a dangerous weapon. Facts necessary to a resolution of his appeal are as follows: Defendant was arrested on 4 January 1997 upon a warrant charging him with robbery with a dangerous weapon which allegedly occurred on 23 October 1996. He appeared in district court on 7 January 1997, was determined to be indigent, and assistant public defender Thurston Frazier was appointed to represent him.

In February 1997, defendant's family retained private attorney George Laughrun to represent defendant. On 25 August 1997, Mr. Laughrun moved to withdraw as counsel, reciting in his motion that defendant had previously asked him to withdraw in May but had changed his mind when the matter was scheduled for hearing, and that defendant had again asked him to withdraw on 24 August. Mr. Laughrun's motion to withdraw was allowed by order dated 26 August 1997.

On 9 September 1997, the public defender was again appointed to represent defendant. On 12 December 1997, private attorney Terry M. Duncan filed a notice of appearance as defendant's counsel. The case was set for trial on 16 February 1998. Defendant's motion for a continuance from that trial setting was denied by Judge Ferrell. On 16 February, defendant appeared with Mr. Duncan before Judge Johnson. Mr. Duncan again moved for a continuance, and advised the court that he had been retained by defendant's girlfriend, Brenda Hollis, and that defendant no longer wished to be represented by him. Mr. Duncan's motion to withdraw was denied. Mr. Duncan advised that he was prepared to proceed, but that defendant's witnesses had refused to meet with him. Judge Johnson denied the motion for a continuance and advised defendant that he had a right to represent himself, to proceed with Mr. Duncan, or to retain another attorney, but that he was not entitled to the appointment of another attorney. The following day, defendant appeared with Mr. Duncan, repeated his

objection to Mr. Duncan's representation, and disrupted the court with profanity, resulting in a finding of contempt and a sentence of 30 days in jail.

On 23 February 1998, defendant appeared before Judge Beal. Mr. Duncan again moved to withdraw as counsel at defendant's request and, when the motion was denied, defendant again became disruptive and was sentenced to an additional thirty days for contempt. Judge Beal set defendant's trial for 25 February. On that date, before jury selection began and while Mr. Duncan was conferring in the courtroom with defendant and Ms. Hollis, Ms. Hollis cursed Mr. Duncan and defendant threw water in Mr. Duncan's face. Both defendant and Ms. Hollis were found in contempt and each was sentenced to 30 days in jail. Defendant was also charged with simple assault upon Mr. Duncan. Judge Beal permitted Mr. Duncan to withdraw as counsel and continued defendant's trial until 30 March 1998. Judge Beal stated: "The Defendant will have an opportunity to hire an attorney if he wants to hire one, but he will not have an attorney appointed for him. He's already waived that right" and concluded "[d]efendant has effectively waived right to appointment of counsel."

On 6 April 1998, defendant appeared before Judge Warren. Attorney Thurston Frazier also appeared and informed the court that he had been appointed to represent defendant in the simple assault case involving Mr. Duncan and that defendant required representation in the present case. Judge Warren refused to appoint Mr. Frazier as defendant's counsel, but permitted him to serve as stand-by counsel. At defendant's trial, Mr. Frazier made opening and closing statements, examined and cross-examined witnesses, and made motions and objections. Defendant was convicted and was sentenced to a minimum of 120 months and a maximum of 153 months.

Defendant contends on appeal that he was denied his constitutionally guaranteed right to counsel by the actions of the trial court. He essentially argues that the trial court failed to conduct the inquiry required by G.S. § 15A-1242 before finding that defendant had waived his right to counsel. Although none of the four assignments of error contained in the record on appeal address the issue of defendant's knowing and voluntary waiver of counsel, or the trial court's failure to comply with G.S. § 15A-1242, we exercise the discretion granted us under N.C.R. App. P. 2 and consider defendant's arguments. For the reasons stated below, we hold that defendant forfeited his right to counsel and the trial court did not err by requiring him to proceed *pro se.*

The right to counsel is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I of the North Carolina Constitution. *State v. McFadden*, 292 N.C. 609, 234 S.E.2d 742 (1977). A part of this right includes the right of an indigent defendant to appointed counsel. N.C. Gen. Stat. § 7A-450, *Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed.2d 799 (1963). A defendant who retains private counsel has a Sixth Amendment right to counsel of his choosing. *McFadden*, 292 N.C. 609, 234 S.E.2d 742. A defendant must be granted a reasonable time in which to obtain counsel of his own choosing, and must be granted a continuance to obtain counsel of his choosing where, through no fault of his own, he is without counsel. *Id.* at 614-15, 234 S.E.2d at 746 (citing *Lee v. United States*, 98 U.S. App. D.C. 272, 235 F.2d 219 (1956)). Finally, a defendant also has a right to represent himself in a criminal proceeding. *State v. Thacker*, 301 N.C. 348, 271 S.E.2d 252 (1980). Before a defendant can waive counsel and represent himself, the trial court must conduct the inquiry required by G.S. § 15A-1242 to make certain that defendant's waiver of counsel is done voluntarily and willingly and with full knowledge of the consequences. *See Thacker, supra.*

However, the right to choose one's counsel is not absolute. *McFadden*, 292 N.C. at 612, 234 S.E.2d at 745 (citing *People v. Brady*, 275 Cal. App.2d 984, 80 Cal. Rptr. 418 (1969)). Where defendant is appointed counsel, he may not demand counsel of his choice. *State v. Anderson*, 350 N.C. 152, 513 S.E.2d 296, *cert. denied*, 528 U.S. 973, 145 L.Ed.2d 326 (1999). Further, if an indigent defendant chooses to proceed with private counsel, he loses the right to appointed counsel. *State v. McDowell*, 329 N.C. 363, 407 S.E.2d 200 (1991). Finally, and importantly, "an accused may lose his constitutional right to be represented by counsel of his choice when he perverts that right to a weapon for the purpose of obstructing and delaying his trial." *McFadden* at 616, 234 S.E.2d at 747.

Although the loss of counsel due to defendant's own actions is often referred to as a waiver of the right to counsel, a better term to describe this situation is forfeiture. "Unlike waiver, which requires a knowing and intentional relinquishment of a known right, forfeiture results in the loss of a right regardless of the defendant's knowledge thereof and irrespective of whether the defendant intended to relinquish the right." *United States v. Goldberg*, 67 F.3d. 1092, 1100 (3d. Cir. 1995). A forfeiture results when "the state's interest in maintaining an orderly trial schedule and the defendant's negligence, indifference, or possibly purposeful delaying tactic, combine[] to justify a forfeiture of defendant's right to counsel. . ." La Fave, Israel, & King

*Criminal Procedure*, § 11.3(c) at 548 (1999). "[A] defendant who misbehaves in the courtroom may forfeit his constitutional right to be present at trial," and "a defendant who is abusive toward his attorney may forfeit his right to counsel." *U.S. v. McLeod*, 53 F.3d at 322, 325 (11th Cir. 1995).

In *McLeod*, a defendant who threatened his attorney with harm was found to have forfeited any right to counsel. In *Siniard v. State*, 491 So.2d 1062 (Ala., 1986), a defendant who, after being given eight months and allowed several continuances in order to retain counsel, failed to do so was found to have forfeited his right to counsel because "[defendant] was using the right of counsel as a sword instead of a shield." *Id.* at 1064. *See also Painter v. State*, 762 P.2d 990 (Okla. 1988); *Potter v. State*, 547 A.2d 595 (Del. Supr. 1988) (stating that a defendant's dilatory actions in retaining counsel can justify a forfeiture of the right to counsel.)

In the present case, defendant was afforded ample opportunity over the course of fifteen months, to obtain counsel. He was twice appointed counsel as an indigent; twice he released his appointed counsel and retained private counsel. Apparently dissatisfied with Mr. Duncan, and upset at Mr. Duncan's inability to secure additional continuances of his trial, defendant was disruptive in the courtroom on two occasions, resulting in the trial being delayed. After being advised by Judge Beal that the case would not be further continued and that Mr. Duncan would not be permitted to withdraw, defendant refused to cooperate with Mr. Duncan and assaulted him, resulting in an additional month's delay in the trial. Such purposeful conduct and tactics to delay and frustrate the orderly processes of our trial courts simply cannot be condoned. *McFadden, supra,* (disapproving dilatory tactics by counsel or client). Defendant, by his own conduct, forfeited his right to counsel and the trial court was not required to determine, pursuant to G.S. § 15A-1242, that defendant had knowingly, understandingly, and voluntarily waived such right before requiring him to proceed *pro se.*

To the extent defendant's assignments of error were not brought forward and argued in his brief, they are deemed abandoned. N.C.R. App. P. 28(a),(b)(5). Defendant received a fair trial, free from prejudicial error.

No error.

Judges WYNN and SMITH concur.