IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-647

Filed 20 February 2024

Davidson County, No. 20CRS54440

STATE OF NORTH CAROLINA

v.

MOSE COLEMAN JONES

Appeal by defendant from judgment entered 3 November 2022 by Judge Carla Archie in Davidson County Superior Court. Heard in the Court of Appeals 24 January 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Jodi P. Carpenter for the State.*
>
> *Phoebe W. Dee for the defendant-appellant.*

TYSON, Judge.

Mose Coleman Jones ("Defendant") appeals from judgment entered upon a jury's verdict of guilty of felony fleeing to elude arrest. Our review discerns no error.

## I. Background

Thomasville Police Officer Ryan Amos was routinely patrolling in a marked patrol car while wearing his police uniform. Officer Amos observed Defendant driving a motorcycle and turning onto James Avenue. The motorcycle did not display a license plate.

Officer Amos activated his lights and siren and attempted to conduct a traffic

stop. Instead of stopping, Defendant motioned with his hand for Officer Amos to pass him. Officer Amos stayed behind Defendant with his lights and siren activated. Defendant crossed the center line and attempted to speak with Officer Amos about going around him. When Defendant slowed to approximately five to ten miles per hour, Officer Amos rolled his window down and told Defendant to pull over. Defendant repeatedly asserted his "right of a traveler" to Officer Amos, and claimed he was not required to display a license plate.

When Defendant stopped at a stop sign, Officer Amos attempted to exit his patrol car and remove Defendant from the motorcycle. Defendant drove off before Officer Amos could stop him. Officer Jonathan Caldwell joined Officer Amos in pursuit. Officers Caldwell and Amos attempted a rolling roadblock, but Defendant went into the opposite lane of travel to avoid the roadblock. Defendant drove his motorcycle through a residential property on Pineywood Road. Officer Caldwell exited his vehicle and tried to restrain Defendant around his head and neck, but Defendant accelerated the motorcycle and sped off, knocking Officer Caldwell to the ground.

Sergeant Rusty Fritz joined the pursuit while Officer Amos attended to Officer Caldwell. Sergeant Fritz observed Defendant make a right hand turn at too great a speed, lose control, and flip the motorcycle. Following a struggle, officers handcuffed Defendant. Defendant was charged with felony fleeing to elude a law enforcement officer, assault on a law enforcement officer causing physical injury, and possession

with intent to sell or deliver a schedule VI-controlled substance. The State dismissed the possession with intent to sell or deliver a schedule VI-controlled substance prior to trial.

Defendant was convicted of felony fleeing to elude arrest and was acquitted of assault on a law enforcement officer causing injury. Defendant was sentenced to an active sentence of 5 to 15 months of imprisonment. Defendant appeals.

## II.    Jurisdiction

Defendant gave his oral notice of appeal during the sentencing hearing prior to the trial court imposing sentence. Appellate entries were filed, and the Appellate Defender was appointed to represent Defendant on appeal.

Rule 4 of the North Carolina Rules of Appellate Procedure provides that notice of appeal from a criminal action may be taken by: "(1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment[.]" N.C. R. App. P. 4(a). Defendant prematurely entered an oral notice of appeal before entry of the final judgment, in violation of Rule 4 of our Rules of Appellate Procedure. *See State v. Lopez*, 264 N.C. App. 496, 503, 826 S.E.2d 498, 503 (2019). Defendant recognizes this error and has filed a petition for writ of *certiorari*. In the exercise of our discretion, we allow Defendant's petition for writ of *certiorari* to reach the merits of his appeal.

## III.    Issues

Defendant argues the trial court erred by finding he had waived or forfeited his right to counsel and committed plain error by allowing the State to introduce foundationless expert testimony.

## IV. Waiver of Counsel

Defendant argues the trial court erred by finding Defendant had waived his right to counsel. This Court previously articulated two means by which a defendant may lose his right to be represented by counsel: (1) a knowing and voluntary waiver after being fully advised under N.C. Gen. Stat. § 15A-1242; and, (2) forfeiture of the right by serious misconduct in *State v. Blakeney*, 245 N.C. App. 452, 459-61, 782 S.E.2d 88, 93-94 (2016), holding:

> First, a defendant may voluntarily waive the right to be represented by counsel and instead proceed *pro se*. Waiver of the right to counsel and election to proceed *pro se* must be expressed clearly and unequivocally. Once a defendant clearly and unequivocally states that he wants to proceed *pro se*, the trial court must determine whether the defendant knowingly, intelligently, and voluntarily waives the right to in-court representation by counsel. A trial court's inquiry will satisfy this constitutional requirement if conducted pursuant to N.C.G.S. § 15A-1242.
>
>  . . . .
>
> The second circumstance under which a criminal defendant may no longer have the right to be represented by counsel occurs when a defendant engages in such serious misconduct that he forfeits his constitutional right to counsel. Although the right to counsel is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I of the North Carolina Constitution, in some situations a defendant may lose this

right:

> Although the loss of counsel due to defendant's own actions is often referred to as a waiver of the right to counsel, a better term to describe this situation is forfeiture. Unlike waiver, which requires a knowing and intentional relinquishment of a known right, forfeiture results in the loss of a right regardless of the defendant's knowledge thereof and irrespective of whether the defendant intended to relinquish the right. A defendant who is abusive toward his attorney may forfeit his right to counsel.

*Id.* (internal citations, ellipses, alterations, and quotation marks omitted).

This Court in *Blakeney* also describes a third manner, a mixture of waiver and forfeiture, in which a defendant may lose the right to counsel:

> Finally, there is a hybrid situation (waiver by conduct) that combines elements of waiver and forfeiture. Once a defendant has been warned that he will lose his attorney if he engages in dilatory tactics, any misconduct thereafter may be treated as an implied request to proceed *pro se* and, thus, as a waiver of the right to counsel. Recognizing the difference between forfeiture and waiver by conduct is important. First, because of the drastic nature of the sanction, forfeiture would appear to require extremely dilatory conduct. On the other hand, a waiver by conduct could be based on conduct less severe than that sufficient to warrant a forfeiture. This makes sense since a waiver by conduct <u>requires that a defendant be warned about the consequences of his conduct, including the risks of proceeding *pro se*</u>. A defendant who engages in dilatory conduct having been warned that such conduct will be treated as a request to proceed *pro se* cannot complain that a court is forfeiting his right to counsel.

*Id.* at 464-65, 782 S.E.2d at 96 (citation, ellipses, and quotation marks omitted).

## A. Standard of Review

This Court "reviews conclusions of law pertaining to a constitutional matter de novo." *State v. Bowditch*, 364 N.C. 335, 340, 700 S.E.2d 1, 5 (2010) (citation omitted); *see State v. Watlington*, 216 N.C. App. 388, 393-94, 716 S.E.2d 671, 675 (2011) ("Prior cases addressing waiver of counsel under N.C. Gen. Stat. § 15A-1242 have not clearly stated a standard of review, but they do, as a practical matter, review the issue *de novo*. We . . . review this ruling *de novo*.") (citations omitted)).

Whether a defendant was entitled to, waived, or forfeited counsel is also reviewed *de novo*. *State v. Poole*, 305 N.C. 308, 318, 289 S.E.2d 335, 341-42 (1982) (citations omitted); *Blakeney*, 245 N.C. App. at 459, 782 S.E.2d at 93.

## B. Waiver of Counsel

Both the Constitution of the United States and the North Carolina Constitution expressly recognize criminal defendants have a right to assistance of counsel. U.S. Const. Amend. VI.; N.C. Const. Art I, §§ 19, 23; *see also Powell v. Alabama*, 287 U.S. 45, 66, 77 L.Ed. 158, 169 (1932); *State v. McFadden*, 292 N.C. 609, 611, 234 S.E.2d 742, 744 (1977) (citations omitted); *State v. Montgomery*, 138 N.C. App. 521, 524, 530 S.E.2d 66, 68 (2000).

Criminal defendants also have the absolute right to waive counsel, represent themselves, and make trial strategy decisions without the assistance of counsel. *State v. Mems*, 281 N.C. 658, 670-71, 190 S.E.2d 164, 172 (1972).

Before a defendant is allowed to waive counsel, a trial court must conduct a statutorily-required colloquy to determine that "constitutional and statutory

safeguards are satisfied." *State v. Moore*, 362 N.C. 319, 322, 661 S.E.2d 722, 724 (2008) (citation omitted). Courts "must determine whether the defendant knowingly, intelligently and voluntarily waives the right to in-court representation by counsel." *Id.* (citation omitted).

The statutory procedure to waive counsel is codified in N.C. Gen. Stat. § 15A-1242 (2023). Courts may only enter an order to allow defendants to waive their right to counsel after being satisfied the movant: (1) has been clearly advised of his rights to the assistance of counsel, including his right to the assignment of appointed counsel when he is so entitled; (2) understands and appreciates the consequences of the decision; and, (3) comprehends the nature of the charges and proceedings and the range of permissible punishments. *Id.* (citation omitted). A "trial court must obtain a written waiver of the right to counsel." *State v. Thomas*, 331 N.C. 671, 675, 417 S.E.2d 473, 476 (1992) (citation omitted).

The record does not contain a signed waiver and certification by the superior court judge, which should provide whether a proper inquiry and disclosure was made to Defendant in compliance with N.C. Gen. Stat. § 1242 (2023). This absence in the record does not *per se* invalidate Defendant's waiver. *See State v. Heatwole*, 344 N.C. 1, 18, 473 S.E.2d 310, 318 (1996) (holding *inter alia* the lack of a written waiver neither alters the conclusion that the waiver was knowing and voluntary, nor invalidates the defendant's waiver of counsel); *State v. Fulp*, 355 N.C. 171, 176, 558 S.E.2d 156, 159 (2002) (re-affirming the holding in *Heatwole* "that a waiver was not

invalid simply because there was no written record of the waiver." (citation and internal quotation marks omitted)).

The transcript shows trial court attempted to conduct a colloquy with Defendant to determine whether he desired or waived his right to counsel. Defendant refused to answer the questions presented to him and instead attempted to challenge the jurisdiction of the court, sought the oath of office for the presiding judge, and he refused to answer other questions regarding his level of education and age.

The trial court attempted to counsel Defendant on the complexity of handling his own jury trial and warned that she, as the judge, would neither offer legal advice to Defendant nor excuse non-compliance with any rules of evidence or procedure.

The transcript also shows the trial court addressed the seriousness of the charges and apprised him of the maximum possible punishment. Defendant clearly waived his right to further court-appointed counsel. *Blakeney*, 245 N.C. App. at 464-65, 782 S.E.2d at 96. Defendant's argument is overruled.

## C. Forfeiture of Counsel

Presuming, without deciding, Defendant did not give a knowing and voluntary waiver of his right to counsel, we examine whether Defendant forfeited his right to counsel.

Our Supreme Court has long held "the right to be defended by chosen counsel is not absolute." *McFadden*, 292 N.C. at 612, 234 S.E.2d at 745 (citation omitted). "[A]n indigent defendant does not have the right to have counsel *of his choice* to

represent him." *State v. Anderson*, 350 N.C. 152, 167, 513 S.E.2d 296, 305 (1999) (citing *State v. Thacker*, 301 N.C. 348, 351-52, 271 S.E.2d 252, 255 (1980)).

"Forfeiture of counsel is separate from waiver because waiver requires a knowing and intentional relinquishment of a known right[,] whereas forfeiture results in the loss of a right regardless of the defendant's knowledge thereof and irrespective of whether the defendant intended to relinquish the right." *State v. Schumann*, 257 N.C. App. 866, 879, 810 S.E.2d 379, 388 (2018) (citation and quotation marks omitted).

This Court has held when a defendant has forfeited their right to counsel, then a "trial court is not required to determine, pursuant to [N.C. Gen. Stat.] § 1242 that [the] defendant knowingly, understandingly, and voluntarily waived such right before requiring him to proceed *pro se*." *State v. Leyshon*, 211 N.C. App. 511, 518, 710 S.E.2d 282, 288 (2011) (citation omitted).

In *Montgomery*, this Court examined the issue of a criminal defendant forfeiting their right to counsel as an issue of first impression. *Montgomery*, 138 N.C. App. at 524, 530 S.E.2d at 69 ("Although the loss of counsel due to defendant's own actions is often referred to as a waiver of the right to counsel, a better term to describe this situation is forfeiture."). This Court held, *inter alia,* "a defendant who is abusive toward his attorney may forfeit his right to counsel." *Id.* at 525, 530 S.E.2d at 69 (citing *U.S. v. McLeod*, 53 F.3d 322, 325 (11th Cir. 1995)).

This Court further held "[a] forfeiture results when the state's interest in

maintaining an orderly trial schedule and the defendant's negligence, indifference, or possibly purposeful delaying tactic, combine[ ] to justify a forfeiture of defendant's right to counsel[.]" *Id.* at 524, 530 S.E.2d at 69 (citing LaFave, Israel, & King *Criminal Procedure*, § 11.3(c) at 548 (1999) (quotation marks omitted)). The defendant had been afforded "ample opportunity" to obtain counsel over a period of over a year; had twice fired appointed counsel and had retained a private attorney; had been disruptive in the courtroom, causing the trial to be delayed; had refused to cooperate with his counsel when his counsel was not allowed to withdraw; and, had physically assaulted his counsel. *Id.* at 525, 530 S.E.2d at 69. This Court ultimately held the defendant had forfeited his right to counsel and the trial court did not have to follow the waiver procedures outlined in N.C. Gen. Stat. § 15A-1242. *Id.*

Since the decision in *Montgomery,* this Court has upheld a forfeiture only in "situations involving egregious conduct by a defendant." *See Blakeney*, 245 N.C. App. at 460, 782 S.E.2d at 93. The Supreme Court of North Carolina first examined and recognized a defendant's forfeiture of counsel in *State v. Simpkins*, 373 N.C. 530, 535, 838 S.E.2d 439, 445-46 (2020) ("We have never previously held that a criminal defendant in North Carolina can forfeit the right to counsel."). Our Supreme Court recognized a defendant's forfeiture, holding: "in situations evincing egregious misconduct by a defendant, a defendant may forfeit the right to counsel." *Id.* at 535, 838 S.E.2d at 446.

While the Supreme Court's opinion in *Simpkins* recognized the ability of a

criminal defendant to forfeit the right to counsel by "egregious misconduct," the Court held the defendant's conduct under the facts in that case did not rise to a forfeiture. *Id.* at 539, 838 S.E.2d at 448. The defendant did not employ counsel before appearing at trial and put forth "frivolous legal arguments about jurisdiction throughout the proceedings." *Id.* at 540, 838 S.E.2d at 448. The defendant had different counsels representing him previously during the pre-trial proceedings. *Id.*

The trial court did not conduct a colloquy to determine if the defendant was waiving his right to counsel under N.C. Gen. Stat. § 15A-1242. Our Supreme Court held this was error to fail to determine if the defendant desired to waive his right to counsel using the proper procedure and further held, under the facts in *Simpkins*, this defendant did not forfeit his right to counsel at trial. *Id.* at 540, 838 S.E.2d at 449. The record did not lead our Supreme Court to "conclude that h[is] failure to retain counsel was an attempt to delay the proceedings, and certainly not an attempt so egregious as to justify forfeiture of the right to counsel." *Id.*

In 2022, the Supreme Court of North Carolina further examined the forfeiture of counsel in both *State v. Harvin*, 382 N.C. 566, 879 S.E.2d 147 (2022) and *State v. Atwell*, 383 N.C. 437, 881 S.E.2d 124 (2022).

In *Harvin*, our Supreme Court analyzed over two decades of persuasive and consistent Court of Appeals' precedents and found two circumstances where forfeiture of counsel could occur:

> The first category includes a criminal defendant's display

of aggressive, profane, or threatening behavior. *See, e.g., id.* at 536-39 (first citing *State v. Montgomery*, 138 N.C. App. 521, 530 S.E.2d 66 (2000) (finding forfeiture where a defendant, *inter alia*, disrupted court proceedings with profanity and assaulted his attorney in court); then citing *State v. Brown*, 239 N.C. App. 510, 519, 768 S.E.2d 896 (2015) (finding forfeiture where a defendant "refus[ed] to answer whether he wanted assistance of counsel at three separate pretrial hearings [and] repeatedly and vigorously objected to the trial court's authority to proceed"); then citing *State v. Joiner*, 237 N.C. App. 513, 767 S.E.2d 557 (2014) (finding forfeiture where a defendant, *inter alia*, yelled obscenities in court, threatened the trial judge and a law enforcement officer, and otherwise behaved in a belligerent fashion); then citing *United States v. Leggett*, 162 F.3d 237 (3d Cir. 1998) (finding forfeiture where a defendant physically attacked and tried to seriously injure his counsel); and then citing *Gilchrist v. O'Keefe*, 260 F.3d 87 (2d Cir. 2001) (same)). . . .

The second broad type of behavior which can result in a criminal defendant's forfeiture of the constitutional right to counsel is an accused's display of conduct which constitutes a "[s]erious obstruction of the proceedings." *Simpkins*, 373 N.C. at 538. Examples of obstreperous actions which may justify a trial court's determination that a criminal defendant has forfeited the constitutional right to counsel include the alleged offender's refusal to permit a trial court to comply with the mandatory waiver colloquy set forth in N.C.G.S. § 15A-1242, "refus[al] to obtain counsel after multiple opportunities to do so, refus[al] to say whether he or she wishes to proceed with counsel, refus[al] to participate in the proceedings, or [the] continual hir[ing] and fir[ing of] counsel and significantly delay[ing] the proceedings." *Id.* at 538. In *Simpkins*, we further cited the decisions of the Court of Appeals in *Montgomery* and *Brown, inter alia*, as additional illustrations of this second mode of misconduct which can result in the forfeiture of counsel.

*Id.* at 587, 879 S.E.2d at 161.

In *Harvin*, the court had appointed five attorneys to represent Defendant prior to trial. *Id.* at 590, 879 S.E.2d at 163. Two of the defendant's attorneys withdrew due to no fault of the defendant, and two others withdrew as a result of "respective incompatible attorney-client relationships with [the] defendant [and] did so *not* because of [the] defendant's willful tactics of obstruction and delay" but "due to differences related to the *preparation* of [the] [d]efendants defense" not a "refus[al] to *participate* in preparing a defense." *Id.* (citation omitted).

The defendant in *Harvin*, at a hearing held approximately one month before trial, had indicated his intent to not represent himself at trial. *Id.* at 574, 879 S.E.2d at 154. At a pre-trial hearing held three weeks prior to trial, the defendant's stand-by-counsel stated he was prepared to serve as standby counsel, but counsel was not prepared to assume full representation of the defendant. *Id.* On the morning of trial, the defendant also indicated his intent to not represent himself during a colloquy with the court to comply with N.C. Gen. Stat. § 15A-1242. *Id.* at 575, 879 S.E.2d at 154. The trial court took a recess and attempted to locate any of the prior counsel who could come in to represent him, but none could. *Id.* at 579, 879 S.E.2d at 156.

The Supreme Court of North Carolina held the trial court erred by finding the defendant had forfeited his right to counsel and requiring the defendant to proceed *pro se*. *Id.* at 592, 879 S.E.2d at 164. The Supreme Court further held the defendant's behavior in requesting two of his counsel to be removed, seeking to proceed *pro se*, and then deciding he needed the help of counsel before proceeding at trial, while

remaining polite, cooperative, and constructively engaged in the proceedings, was not "the type or level of obstructive and dilatory behavior which [would] allow[ ] the trial court . . . to permissibly conclude that [the] defendant had forfeited the right to counsel." *Id.*

The Supreme Court further examined forfeiture of counsel and applied reasonings from both *Simpkins* and *Harwin* in *State v. Atwell.* During a pretrial hearing, the State had requested the case to proceed, after previously agreeing to a continuance to allow more time for the defendant to hire a private attorney. *Atwell*, 383 N.C. at 448-54, 881 S.E.2d at 132-35. The defendant, appearing *pro se*, told the trial court "she had made payments to a private attorney", but could not afford to continue to make payments and wanted another court-appointed attorney. *Id.* at 440, 881 S.E.2d at 127. The trial court then responded with a history of her firing two prior attorneys, signing four waivers of appointed counsel, and asking why she now wanted another continuance to hire yet another attorney. *Id.*

The trial court, in *Atwell*, did not conduct an N.C. Gen. Stat. § 15A-1242 colloquy and entered an order stating the defendant had forfeited her right to counsel through her delay tactics prior to trial. *Id.* at 454, 881 S.E.2d at 135. The Supreme Court held this was reversible error.

Relying on the analysis of *Harvin*, the Supreme Court of North Carolina held "the record likewise does not permit an inference, much less a legal conclusion, by the trial court or a reviewing court that defendant engage[d] in the type of egregious

misconduct that would permit the trial court to deprive defendant of [her] constitutional right to counsel." *Id.* at 453, 881 S.E.2d at 135 (internal quotation marks omitted). The defendant had not forfeited her right because she had "ongoing, nonfrivolous concerns about her case." *Id.* at 454, 881 S.E.2d at 135. The defendant could not waive her right to counsel without expressing "*the express*[ ] *desire to proceed without counsel*" through the statutory colloquy of N.C. Gen. Stat. § 15A-1242. *Id.*

A defendant may also forfeit their right to counsel by engaging in "serious misconduct." *Blakeney*, 245 N.C. App. at 460, 782 S.E.2d at 93. This Court has recognized forfeiture by misconduct when a defendant (1) engages in "flagrant or extended delaying tactics, such as repeatedly firing a series of attorneys;" (2) employs "offensive or abusive behavior, such as threatening counsel, cursing, spitting, or disrupting proceedings in court;" or (3) "refus[es] to acknowledge the trial court's jurisdiction or participate in the judicial process, or insist[s] on nonsensical and nonexistent legal 'rights.'" *Id.* at 461-62, 782 S.E.2d at 94.

This Court recently examined this issue and held a defendant's conduct before trial and during trial to threaten his attorney with harm, intimidating his attorney and the district attorneys prosecuting the case with filing frivolous bar complaints, and dilatory conduct to delay proceedings constituted both a waiver and forfeiture of counsel. *State v. Moore*, __ N.C. App. __, __, 893 S.E.2d 231, 256 (2023).

Here, Defendant engaged in serious delaying tactics to stall the trial for over

two years. Defendant was twice found by the court to be in direct criminal contempt. Defendant continued to frivolously challenge the trial court's jurisdiction over him. Defendant's conduct attempted to delay, disrupt, and obstruct the proceedings. In addition to a waiver, Defendant forfeited his right to counsel. *Id.* Defendant's argument is overruled.

## V.   Expert Testimony

Defendant argues the trial court committed plain error in admitting the testimony of Officer Amos defining a "sovereign citizen" in violation of Rule 702. N.C. Gen. Stat. § 8B-1, Rule 702 (2023). Defendant failed to object at trial.

## A. Standard of Review

"Unpreserved error in criminal cases . . . is reviewed only for plain error." *State v. Lawrence*, 365 N.C. 506, 512, 723 S.E.2d 326, 330 (2012). In order for a defendant to prove plain error, he must show a fundamental error occurred and establish prejudice. *Id.* at 518, 723 S.E.2d at 334.

Defendant bears the burden of showing that the unpreserved error "rises to the level of plain error." *Id.* at 516, 723 S.E.2d at 333. Defendant must show "the error had a probable impact on the jury's finding that the defendant was guilty." *Id.* (citations and quotation marks omitted).

## B. Analysis

Officer Amos testified he had received over 1,000 hours of instruction including handling alleged sovereign citizens. The State asked Officer Amos to define a

sovereign citizen:

> THE STATE: You mentioned sovereign citizen training. What is a sovereign citizen, to your knowledge.
>
> OFFICER AMOS: Brief description is they kind of believe laws don't apply to them. They have an idea that there's another set of laws out there they can abide by.

In the absence of an objection and preservation, Defendant alleges the admission of this testimony constitutes plain error. Presuming error, Defendant has failed to show "the error had a probable impact on the jury's finding that the defendant was guilty." *Id.* Defendant's argument is overruled.

## VI.    Conclusion

Defendant knowingly and voluntarily waived his right to counsel by his answers and conduct before trial after being repeatedly advised and informed of the consequences of this decision. Defendant's conduct during pre-trial and throughout trial also supports a finding and conclusion he forfeited his right to counsel.

Defendant failed to show the trial court plainly erred in allowing Officer Amos to define "sovereign citizen." Defendant received a fair trial, free from preserved or prejudicial errors. We discern no error in the jury's verdicts or in the judgments entered thereon. *It is so ordered.*

NO ERROR.

Judges WOOD and STADING concur.